United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAMUEL ORTEGA,

    Petitioner,

vs.

R. J. SUBIA, Warden; JERRY BROWN, Attorney General; and JAMES TILTON, Secretary, California Department of Corrections and Rehabilitation,

    Respondents.

No. C 07-4541 PJH (PR)

**ORDER TO SHOW CAUSE; GRANT OF LEAVE TO PROCEED IN FORMA PAUPERIS**

Petitioner, a California prisoner currently incarcerated at Mule Creek State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also requests leave to proceed in forma pauperis.

Venue is proper because the conviction was obtained in Santa Clara County, which is in this district. *See* 28 U.S.C. § 2241(d).

### BACKGROUND

"A jury convicted defendant Samuel Ortega of multiple sexual offenses, assault with a deadly weapon, attempted kidnaping for rape, and possession of a controlled substance. The convictions involved 20 counts relating to nine different female victims. The trial court sentenced defendant to two consecutive life terms, consecutive to a term of 25 years to life, consecutive to a determinate term of 55 years in state prison." *People v. Ortega*, 2002 WL 31631033, *1 (Cal.App. 2002). The conviction and sentence were affirmed on direct appeal by the Court of Appeal of California with the exception of the twenty-five years to life sentence, which was amended to fifteen years to life. *Id.* at *12. The Supreme Court of California denied review. Petitioner also filed state habeas petitions; all were denied.

## DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases in the Federal District Courts, 28 U.S.C. foll. § 2254.

**B.    Respondents**

Petitioner has named as a respondent the only one he needs, the warden of the prison where he is confined, R. J. Subia. *See* Rule 2(b) advisory committee's note, Rules Governing Habeas Corpus Cases Under Section 2254, 28 U.S.C. foll. § 2254 ("[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison)."). The other respondents, who are unnecessary, will be dismissed.

**C.    Legal Claims**

As grounds for federal habeas relief, petitioner asserts that: (1) his counsel was ineffective in specified ways; (2) the prosecutor was guilty of misconduct in that he did not make good-faith efforts to obtain the return of a witness from Mexico and failed to subpoena two other victims; (3) his due process rights were violated when he appeared in jail clothing on two occasions; (4) his Fifth, Sixth and Fourteenth Amendment rights were violated by the court's allowing the prosecution to amend the information on April 25, 2001; (5) his Fifth, Sixth and Fourteenth Amendment rights were violated by the trial court's denial of his motion to set aside the information; and (6) there was insufficient evidence that he

2

used a knife as to counts one through four. These contentions are sufficient to require a response.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Leave to proceed in forma pauperis (document number 2 on the docket) is **GRANTED**. Respondents Jerry Brown and James Tilton are **DISMISSED**.

2. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent R. J. Subia and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for

failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: September 6, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.07\ORTEGA541.OSC.wpd