EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
ANN P. WATHEN, State Bar No. 189314
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5972
 Fax:  (415) 703-1234
 Email:  Ann.Wathen@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **SAMUEL ORTEGA,** | C 07-4541 PJH (PR) |
| Petitioner, | **MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY** |
| v. | |
| **R.J. SUBIA, Warden,** | |
| Respondent. | |

Respondent hereby moves to dismiss the petition for writ of habeas corpus for failure to comply with the statute of limitations set forth in 28 U.S.C. § 2244(d).  A motion to dismiss in lieu of an answer is appropriate where the petition is procedurally defective.  See *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989); Rules Governing 28 U.S.C. § 2254 cases, Rule 4, and Advisory Committee Notes.  We have not noticed a hearing date because petitioner is an incarcerated state prisoner who is representing himself in this case.

/ / /

/ / /

**STATEMENT OF THE CASE**

On May 2, 2001, following a jury trial in Santa Clara County Superior Court, petitioner was convicted of multiple sexual offenses (Cal. Pen. Code §§ 261(a)(2), 664/261(a)(2), 286(c)(2), 289(a)), assault with a deadly weapon (Cal. Pen. Code § 245(a)(1), attempted kidnapping for rape (Cal. Pen. Code § 209(b)), and possession of a controlled substance (Cal. Health & Saf. Code § 11350(a)). Exh. 1. On July 20, 2001, the trial court sentenced petitioner to two indeterminate life sentences, consecutive to an indeterminate term of 25 years to life, consecutive to a determinate term of 55 years in state prison. Exh. 2.

On November 22, 2002, in case number H023370, the California Court of Appeal affirmed the judgment, except that it reduced petitioner's indeterminate sentence of 25 years to life to 15 years to life. Exh. 3 at 21.

On December 26, 2002, petitioner filed a petition for review in the California Supreme Court (S112446). Exh. 4. On January 29, 2003, the California Supreme Court denied the petition. Exh. 5.

On August 3, 2005, petitioner filed a state habeas petition in the state court of appeal (H029127). Exh. 6. On August 17, 2005, the state appellate court denied the petition. Exh. 7.

On September 19, 2005, petitioner filed another state habeas petition in the state court of appeal (H029326), Exhibit 8, which the court denied on October 24, 2005. Exh. 9

On November 2, 2005, petitioner filed a state habeas petition in the state supreme court (S138528), Exhibit 10, which the court denied on August 2, 2006. Exh. 11.

On August 31, 2007, petitioner filed the instant petition in this Court, raising six claims of error.

**ARGUMENT**

**THE PETITION IS UNTIMELY**

The petition should be dismissed because it is untimely. 28 U.S.C. § 2244(d) provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - -

      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

The period of "direct review" after which the petitioner's state conviction becomes final includes the 90-day period within which a petitioner can file a petition for a writ of certiorari with the United States Supreme Court, even if the petitioner does not actually file such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

Here, the statute of limitations began to run 90 days after the California Supreme Court denied the petition for review, or on April 29, 2003. Consequently, petitioner had until April 29, 2004 to file his federal habeas corpus petition. He did not do so until August 31, 2007, i.e., approximately three years and four months after the statute of limitations expired. Because the instant petition was filed after the running of the statute of limitations, it should be dismissed. *Rouse v. Lee,* 339 F.3d 238, 248-51, 257 (4th Cir. 2003).

Petitioner is not entitled to any statutory tolling for the periods in which the various state habeas petitions were pending on appeal because petitioner did not file them until *after* the statute of limitations had already expired. A state habeas corpus petition filed after the statute has expired does not toll the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Also, petitioner is not entitled to statutory tolling during the period in which he had nothing pending in the state courts prior to the expiration of the statute of limitations. *Flowers v. Gasper*, 2005 U.S. Dist. LEXIS 25329, *13 (Ariz. Dist. Ct. 2005).

In sum, because petitioner's federal petition was filed after the running of the statute of limitations, his petition should be dismissed.

///

///

///

## CONCLUSION

Respondent respectfully requests that the instant petition be dismissed with prejudice because petitioner has failed to comply with the AEDPA's statute of limitations.

Dated: October 31, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General

/s/ Ann P. Wathen
ANN P. WATHEN
Deputy Attorney General
Attorneys for Respondent

20111415.wpd
SF2007402438

**DECLARATION OF SERVICE BY U.S. MAIL**

Case Name:   **Ortega v. Subia, Warden**

No.:   **C 07-4541 PJH (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004.

On October 31, 2007, I served the attached **MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Francisco, California, addressed as follows:

Samuel Ortega
T-24740
Mule Creek State Prison
C-11-223
P.O. Box 409060
Ione, CA 95640

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on October 31, 2007, at San Francisco, California.

| S. Agustin | /s/ S. Agustin |
|:---:|:---:|
| Declarant | Signature |

20111421.wpd