# EXHIBIT 1

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

**FILED**

PEOPLE OF THE STATE OF CALIFORNIA, )

MAR 0 2 2001

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
By: _____ Deputy

                    Plaintiff, )

          VS               )

                         )

SAMUEL ORTEGA,          )

                 Defendant. )

                         )

CASE NO. BB152071

**VERDICT OF THE JURY**

**COUNT ONE**

We the Jury in the above-entitled cause, find the defendant, **SAMUEL ORTEGA,**

_____GUILTY_____ of a violation of **PENAL CODE SECTION 289(A)** -

GUILTY / NOT GUILTY

**PENETRATION BY A FOREIGN OR UNKNOWN OBJECT - BY FORCE, VIOLENCE,**

**DURESS, MENACE, OR FEAR,** a Felony, to wit:  On or about March 24, 1997, in the County

of Santa Clara, State of California, the said defendant, **SAMUEL ORTEGA,** did cause the

penetration of the genital opening of another person, Aide M., for the purpose of sexual arousal,

gratification, and/or abuse, by a foreign object, substance, instrument, or device, and by an

unknown object, and the act was accomplished against the will of the person by means of force,

violence, duress, menace, or fear of immediate bodily injury.

DATED: 5/2/01

Juror #7
Foreperson

591

-1-

**FILED**

MAY 0 2 2001

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
By _____

We the Jury in the above-entitled cause, find that in the commission and attempted

commission of the offense charged in Count 1 - PC 289(A), the said defendant, **SAMUEL**

**ORTEGA**, personally used a deadly weapon, a knife, to be _TRUe_ .
                                                            TRUE/NOT TRUE

DATED: _5/02/01_                          Juror #7
                                          Foreperson

---

We the Jury in the above-entitled cause, find that the defendant, **SAMUEL ORTEGA,**

kidnapped the victim in violation of PC 207 in the commission of the offense charged in Count 1

- PC 289(A), to be _TRUe_ .
                    TRUE/NOT TRUE

DATED: _5/02/01_                          Juror #7
                                          Foreperson

592

-2-

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA **FILED**

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, ) | MAY 0 2 2001 |
| ) | |
| Plaintiff, ) | CASE NO. BB152011RE |
| ) | Court Executive Officer/Clerk |
| ) | Superior Court of California, County of Santa Clara |
| VS ) | By_____ Deputy |
| ) | |
| ) | **VERDICT OF THE JURY** |
| ) | |
| SAMUEL ORTEGA, ) | |
| Defendant. ) | |
| ) | |

### COUNT TWO

We the Jury in the above-entitled cause, find the defendant, **SAMUEL ORTEGA,**

_Guilty_ of a violation of **PENAL CODE SECTION 261(A)(2) - RAPE BY**
GUILTY/NOT GUILTY

**FORCE, VIOLENCE, DURESS, MENACE OR FEAR,** a Felony, to wit:  On or about March

24, 1997,  in the County of Santa Clara, State of California, the said defendant, **SAMUEL**

**ORTEGA,** did accomplish an act of sexual intercourse with Aide M., a person not the spouse of

the defendant, against the person's will by means of force, violence, duress, menace, or fear of

immediate and unlawful bodily injury.

DATED: 5/02/01

Juror #7
Foreperson

593

-3-

We the Jury in the above-entitled cause, find that in the commission and attempted

commission of the offense charged in Count 2 - PC 261(A)(2), the said defendant, **SAMUEL**

**ORTEGA**, personally used a deadly weapon, a knife, to be _True_ .

(TRUE) NOT TRUE

**FILED**

MAY 0 2 2001

KIRI TORRE
Chief Executive Officer/Clerk
of Superior Court of Santa Clara
_____ Deputy

DATED: 5/02/01

Juror #7
Foreperson

---

We the Jury in the above-entitled cause, find that the defendant, **SAMUEL ORTEGA,**

kidnapped the victim in violation of PC 207 in the commission of the offense charged in Count 2

- PC 261(A)(2), to be _True_ .

(TRUE) NOT TRUE

DATED: 5/02/01

Juror #7
Foreperson

594

-4-

**FILED**

MAY 0 2 2001

KIRI TORRE

PEOPLE OF THE STATE OF CALIFORNIA,
Superior Court
By /Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SANTA CLARA**

|  |  |  |
|---|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, | ) | **CASE NO. BB152071** |
| Plaintiff, | ) | |
| | ) | |
| VS | ) | |
| | ) | **VERDICT OF THE JURY** |
| | ) | |
| SAMUEL ORTEGA, | ) | |
| Defendant. | ) | |

**COUNT THREE**

We the Jury in the above-entitled cause, find the defendant, **SAMUEL ORTEGA,**

_____GUILTY_____ of a violation of **PENAL CODE SECTION 286(C)(2) - SODOMY**
(GUILTY/NOT GUILTY

**BY FORCE, VIOLENCE, DURESS, MENACE OR FEAR,** a Felony, to wit:  On or about

March 24, 1997,  in the County of Santa Clara, State of California, the said defendant, **SAMUEL**

**ORTEGA,** did accomplish an act of sodomy against the will of the victim Aide M., by means of

force, violence, duress, menace or fear of immediate and unlawful bodily injury.

DATED: 5/02/01

Juror #7
Foreperson

595

-5-

**FILED**

MAY 0 2 2001

KIRI TORRE
~~we the jury in the above~~ entitled cause, find that in the commission and attempted

commission of the offense charged in Count 3 - PC 286(C)(2), the said defendant, **SAMUEL**

**ORTEGA**, personally used a deadly weapon, a knife, to be _True_ .

(TRUE) NOT TRUE

DATED: 5/02/01

Juror #7
Foreperson

_____

We the Jury in the above-entitled cause, find that the defendant, **SAMUEL ORTEGA,**

kidnapped the victim in violation of PC 207 in the commission of the offense charged in Count 3

- PC 286(C)(2), to be _True_ .

(TRUE) NOT TRUE

DATED: 5/02/01

Juror #7
Foreperson

596

-6-

FILED

MAY 0 2 2001

KIRI TORRE

By _____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

PEOPLE OF THE STATE OF CALIFORNIA, )
                                    )
                    Plaintiff,      )
                                    )
VS                                  )
                                    )
                                    )
                                    )
SAMUEL ORTEGA,                      )
                    Defendant.      )
_____)

CASE NO. BB152071

**VERDICT OF THE JURY**

## COUNT FOUR

We the Jury in the above-entitled cause, find the defendant, **SAMUEL ORTEGA**,

_____GUILTY_____ of a violation of **PENAL CODE SECTION 261(A)(2) - RAPE BY**
GUILTY/NOT GUILTY

**FORCE, VIOLENCE, DURESS, MENACE OR FEAR,** a Felony, to wit:  On or about March

24, 1997,  in the County of Santa Clara, State of California, the said defendant, **SAMUEL**

**ORTEGA**, did accomplish an act of sexual intercourse with Aide M., a person not the spouse of

the defendant, against the person's will by means of force, violence, duress, menace, or fear of

immediate and unlawful bodily injury.

DATED: 5/02/01

Juror #7
Foreperson

597

-7-

**FILED**

MAY 0 2 2001

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY_____ Deputy

We the Jury in the above-entitled cause, find that in the commission and attempted

commission of the offense charged in Count 4 - PC 261(A)(2), the said defendant, **SAMUEL**

**ORTEGA,** personally used a deadly weapon, a knife, to be ___*True*___ .

(TRUE)NOT TRUE

DATED: _5/02/01_                Juror # 7
                                Foreperson

_____

We the Jury in the above-entitled cause, find that the defendant, **SAMUEL ORTEGA,**

kidnapped the victim in violation of PC 207 in the commission of the offense charged in Count 4

- PC 261(A)(2), to be ___*True*___ .

(TRUE)NOT TRUE

DATED: _5/02/01_                Juror # 7
                                Foreperson

598

-8-

**FILED**

MAY 0 2 2001

KIRI TORRE
Clerk of the Court
Superior Court of CA, County of Santa Clara
By _____ Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### IN AND FOR THE COUNTY OF SANTA CLARA

PEOPLE OF THE STATE OF CALIFORNIA, )
                                Plaintiff, )
                                        )
                       VS                    )
                                        )
SAMUEL ORTEGA, )
                         Defendant. )
_____ )

CASE NO. BB152071

**VERDICT OF THE JURY**

### COUNT FIVE

We the Jury in the above-entitled cause, find the defendant, **SAMUEL ORTEGA**,

_GUILTY_ of a violation of **PENAL CODE SECTION 664 - 261(A)(2) -**
GUILTY/NOT GUILTY

**ATTEMPTED RAPE BY FORCE, VIOLENCE, DURESS, MENACE OR FEAR,** a Felony,

to wit:  On or about March 15, 1999, in the County of Santa Clara, State of California, the said

defendant, **SAMUEL ORTEGA**, did attempt to accomplish an act of sexual intercourse with

Wei L., a person not the spouse of the defendant, against the person's will by means of force,

violence, duress, menace, or fear of immediate and unlawful bodily injury.

DATED: 5/02/01

JUROR #7
FOREPERSON
599

-9-

**FILED**

MAY 0 2 2001

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of County of Santa Clara
By _____ Deputy

We the Jury in the above-entitled cause, find that in the commission and attempted

commission of the offense charged in Count 5 - PC 664 - 261(A)(2), the said defendant,

**SAMUEL ORTEGA,** personally used a deadly weapon, a knife, to be ___TRUE___ .

(TRUE)/NOT TRUE

DATED: 5/02/01                    Juror #7
                                 Foreperson

600

-10-

**FILED**

MAY 0 2 2001

~~KPEOPLE OF THE STATE OF CALIFORNIA,~~    Deputy

By

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SANTA CLARA**

THE PEOPLE OF THE STATE OF CALIFORNIA, )
                                       )
                         Plaintiff,    )
                                       )
                                       )
            VS                         )
                                       )
                                       )
                                       )
  SAMUEL ORTEGA,                       )
                                       )
                         Defendant.    )
                                       )

**CASE NO.** BB152071

**VERDICT OF THE JURY**

### COUNT SIX

We the Jury in the above-entitled cause, find the defendant, **SAMUEL ORTEGA,**

_Guilty_  of a violation of **PENAL CODE SECTION 245(A)(1) - ASSAULT**
~~GUILTY~~/NOT GUILTY

**WITH A DEADLY WEAPON,** a Felony, to wit:  On or about March 15, 1999,  in the County

of Santa Clara, State of California, the said defendant, **SAMUEL ORTEGA,** did commit an

assault upon the person of Wei L. with a deadly weapon and instrument other than a firearm, a

knife.

DATED: _5/02/01_

Juror #7
Foreperson
601

-11-

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SANTA CLARA**

FILED

MAY 0 3 2001

KIRI TORRE
~~Chief Executive Officer/Clerk~~
~~Superior Court of CA County of Santa Clara~~
By _____ Deputy

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, ) | CASE NO. BB152071 |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS ) | |
| ) | **VERDICT OF THE JURY** |
| ) | |
| SAMUEL ORTEGA, ) | |
| Defendant. ) | |

---

**COUNT SEVEN**

We the Jury in the above-entitled cause, find the defendant, **SAMUEL ORTEGA**,

_____GUILTY_____ of a violation of **PENAL CODE SECTION 664-261(A)(2) -**

GUILTY/NOT GUILTY

**ATTEMPTED RAPE BY FORCE, VIOLENCE, DURESS, MENACE OR FEAR,** a Felony,

to wit: On or about March 15, 1999, in the County of Santa Clara, State of California, the said

defendant, **SAMUEL ORTEGA**, did attempt to accomplish an act of sexual intercourse

with Jane Doe, a person not the spouse of the defendant, against the person's will by means of

force, violence, duress, menace, or fear of immediate and unlawful bodily injury.

DATED: 5/03/01

JURY #7
Foreperson
602

-12-

**FILED**

MAY 0 2 2001

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of California, County of Santa Clara
By _____ Deputy

We the Jury in the above-entitled cause, find that in the commission and attempted

commission of the offense charged in Count 7 - PC 664 - 261(A)(2), the said defendant,

SAMUEL ORTEGA, personally used a deadly weapon, a knife, to be _____TRUE_____ .

TRUE/NOT TRUE

DATED: 5/02/01                    Juror #7
                                 Foreperson

603

-13-

SUPERIOR COURT OF THE STATE OF CALIFORNIA

**FILED**    IN AND FOR THE COUNTY OF SANTA CLARA

PEOPLE OF THE STATE OF CALIFORNIA,  )
2001                                )
KIRI TORRE                          )        CASE NO. BB152071
Chief Executive Officer/Clerk       )
Superior Court of Santa Clara       )
                         Plaintiff, )
By _____ Deputy             )
                                    )
              VS                    )
                                    )
                                    )        **VERDICT OF THE JURY**
                                    )
SAMUEL ORTEGA,                      )
                        Defendant.  )
_____   )

### COUNT EIGHT

We the Jury in the above-entitled cause, find the defendant, **SAMUEL ORTEGA**,

_____GUILTY_____ of a violation of **PENAL CODE SECTION 245(A)(1) - ASSAULT**
GUILTY/NOT GUILTY

**WITH A DEADLY WEAPON,** a Felony, to wit:  On or about March 15, 1999,  in the County

of Santa Clara, State of California, the said defendant, **SAMUEL ORTEGA,** did commit an

assault upon the person of Jane Doe with a deadly weapon and instrument other than a firearm, a

knife.

DATED: 5/2/01

JUROR #7
FOREPERSON
604

-14-

SUPERIOR COURT OF THE STATE OF CALIFORNIA

**FILED**

IN AND FOR THE COUNTY OF SANTA CLARA

MAY 0 2 2001

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
By _____

PEOPLE OF THE STATE OF CALIFORNIA, )
                                    )
                        Plaintiff,  )
                                    )
                                    )
VS                                  )
                                    )
                                    )
                                    )
SAMUEL ORTEGA,                      )
                        Defendant.  )
                                    )

CASE NO. BB152071

**VERDICT OF THE JURY**

**COUNT NINE**

We the Jury in the above-entitled cause, find the defendant, **SAMUEL ORTEGA,**

___GUILTY___ of a violation of **PENAL CODE SECTION 664 - 261(A)(2) -**
(GUILTY)/NOT GUILTY

**ATTEMPTED RAPE BY FORCE, VIOLENCE, DURESS, MENACE OR FEAR,** a Felony,

to wit: On or about April 6, 1999, in the County of Santa Clara, State of California, the said

defendant, **SAMUEL ORTEGA,** did attempt to accomplish an act of sexual intercourse with

Azalia M., a person not the spouse of the defendant, against the person's will by means of force,

violence, duress, menace, or fear of immediate and unlawful bodily injury.

DATED: _05/02/01_

Juror #7
Foreperson

605

-15-

**FILED**

MAY 0 2 2001

KIRI TORRE
Chief Executing Officer/Clerk
Superior Court of California, Santa Clara
By _____ Deputy

We the Jury in the above-entitled cause, find that in the commission and attempted

commission of the offense charged in Count 9 - PC 664 - 261(A)(2), the said defendant,

**SAMUEL ORTEGA,** personally used a deadly weapon, a knife, to be _True_ .
                                                                        (TRUE) NOT TRUE

DATED: 05/02/01                    JURY #7
                                   FOREPERSON

606

-16-

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### IN AND FOR THE COUNTY OF SANTA CLARA

PEOPLE OF THE STATE OF CALIFORNIA, )
                                  )
                        Plaintiff, )

**CASE NO. BB152071**

FILED
MAY 0 2 2001
KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of the County of Santa Clara
By _____ Deputy

                                  )

**VERDICT OF THE JURY**

                                  )

SAMUEL ORTEGA,                   )
                     Defendant. )
                                  )

### COUNT TEN

We the Jury in the above-entitled cause, find the defendant, **SAMUEL ORTEGA**,

_GUILTY_ of a violation of **PENAL CODE SECTION 245(A)(1) - ASSAULT**
GUILTY/NOT GUILTY

**WITH A DEADLY WEAPON**, a Felony, to wit:  On or about April 6, 1999, in the County of

Santa Clara, State of California, the said defendant, **SAMUEL ORTEGA**, did commit an assault

upon the person of Azalia M. with a deadly weapon and instrument other than a firearm, a knife.

DATED: 5/2/01

Juror #7
Foreperson
607

-17-

SUPERIOR COURT OF THE STATE OF CALIFORNIA

**FILED** IN AND FOR THE COUNTY OF SANTA CLARA

MAY 0 2 2001

PEOPLE OF THE STATE OF CALIFORNIA, )
KIRI TORRE )
Chief Executive Officer/Clerk )
Superior Court of CA County Santa Clara )
By _____ ) Plaintiff, )
)
VS )
)
)
SAMUEL ORTEGA, )
　　　　　　　　　　Defendant. )
_____ )

CASE NO. BB152071


**VERDICT OF THE JURY**


## COUNT ELEVEN

We the Jury in the above-entitled cause, find the defendant, **SAMUEL ORTEGA,**

___✓ GUILTY___ of a violation of **PENAL CODE SECTION 664 - 261(A)(2) -**
GUILTY/NOT GUILTY

**ATTEMPTED RAPE BY FORCE, VIOLENCE, DURESS, MENACE OR FEAR,** a Felony,

to wit:  On or about May 8, 1999,  in the County of Santa Clara, State of California, the said

defendant, **SAMUEL  ORTEGA,** did attempt to accomplish an act of sexual intercourse with

Hea P., a person not the spouse of the defendant, against the person's will by means of force,

violence, duress, menace, or fear of immediate and unlawful bodily injury.



DATED: _5/02/01_

　　　　　　　　　　　　　　　Juror #7
　　　　　　　　　　　　　　　Foreperson
　　　　　　　　　　　　　　　　　608

-18-

**FILED**

MAY 0 2 2001

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
By _____ Deputy

We the Jury in the above-entitled cause, find that in the commission and attempted

commission of the offense charged in Count 11 - PC 664 - 261(A)(2), the said defendant,

**SAMUEL ORTEGA,** personally used a deadly weapon, a knife, to be _____TRUE_____ .

TRUE/NOT TRUE

DATED: 05/02/01

Juror #7
Foreperson

---

We the Jury in the above-entitled cause, find that in the commission and attempted

commission of the offense charged in Count 11 - PC 664 - 261(A)(2), the said defendant,

**SAMUEL ORTEGA,** personally inflicted great bodily injury upon the victim, Hea P., to be

_____TRUE_____ .

TRUE/NOT TRUE

DATED: 05/02/01

Juror #7
Foreperson

609

-19-

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

**FILED**

MAY 0 2 2001

KIRI TORRE
Chief / Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _____ Deputy

PEOPLE OF THE STATE OF CALIFORNIA,    )
                                      )
                    Plaintiff,        )          CASE NO. BB152071
                                      )
                                      )
                                      )
                                      )
                                      )          **VERDICT OF THE JURY**
                                      )
SAMUEL ORTEGA,                        )
                    Defendant.        )
_____       )

### COUNT TWELVE

We the Jury in the above-entitled cause, find the defendant, **SAMUEL ORTEGA**,

_____NOT GUILTY_____ of a violation of **PENAL CODE SECTION 664(A)-187 –**
GUILTY/NOT GUILTY

**ATTEMPTED MURDER**, a Felony, to wit:  On or about May 8, 1999,  in the County of Santa

Clara, State of California, the said defendant, **SAMUEL ORTEGA**, did unlawfully and

with malice aforethought, attempt to kill a human being, Hea P.

DATED: _05/02/01_                    JUROR #7
                                     Foreperson
                                            610

-20-

We the Jury in the above-entitled cause, find that at the time of and in the commission and

attempted commission of the offense charged in Count 12 - PC 664(A)-187, the said defendant,

**SAMUEL ORTEGA**, personally used a deadly and dangerous weapon, a knife, to be

NoT TRUE .
TRUE/~~NOT TRUE~~

DATED: _05/02/01_

Juror #7
Foreperson

---

We the Jury in the above-entitled cause, find that in the commission and attempted

commission of the offense charged in Count 12 - PC 664(A)-187, the defendant, **SAMUEL**

**ORTEGA**, personally inflicted great bodily injury upon Hea P., a person not an accomplice to

the offense, to be _NoT TRUE_ .
TRUE/~~NOT TRUE~~

DATED: _05/02/01_

Juror #7
Foreperson

611

-21-

SUPERIOR COURT OF THE STATE OF CALIFORNIA

**FILED**

IN AND FOR THE COUNTY OF SANTA CLARA

PEOPLE OF THE STATE OF CALIFORNIA, )

KIRI TORRE
Court Executive Officer/Clerk
Superior Court of State of Santa Clara
By _____ Deputy

Plaintiff, )

VS )

SAMUEL ORTEGA, )

Defendant. )

CASE NO. BB152071

**VERDICT OF THE JURY**

## LESSER-RELATED OFFENSE TO COUNT TWELVE

We the Jury in the above-entitled cause, having found the defendant not guilty of Count 12 -

PC664(A) - 187, Attempted Murder, hereby find the defendant, **SAMUEL ORTEGA,**

_Guilty_ of a violation of **PENAL CODE SECTION 245(A)(1) - ASSAULT**

~~GUILTY/NOT GUILTY~~

**WITH A DEADLY WEAPON,** a Felony, to wit: On or about May 8, 1999, in the County of

Santa Clara, State of California, the said defendant, **SAMUEL ORTEGA,** did commit an assault

upon the person of Hea P. with a deadly weapon and instrument other than a firearm, a knife.

DATED: _05/02/01_

Juror #7
Foreperson
612

-22-

**FILED**

MAY C 2 2001

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of the County of Santa Clara
_____ Deputy

By  ~~We the~~ Jury in the above-entitled cause, find that at the time of and in the commission and

attempted commission of the lesser-related offense charged in Count 12 - PC 245(A)(A), the said

defendant, **SAMUEL ORTEGA**, personally used a deadly and dangerous weapon, a knife, to be

_True_ .
TRUE/NOT TRUE

DATED: 5/02/01                Juror #7
                             Foreperson

---

We the Jury in the above-entitled cause, find that in the commission and attempted

commission of the lesser-related offense charged in Count 12 - PC 245(A)(1), the defendant,

**SAMUEL ORTEGA**, personally inflicted great bodily injury upon Hea P., a person not an

accomplice to the offense, to be _True_ .
TRUE/NOT TRUE

DATED: 05/02/01               Juror #7
                             Foreperson

613

-23-

SUPERIOR COURT OF THE STATE OF CALIFORNIA

**FILED** IN AND FOR THE COUNTY OF SANTA CLARA

~~DEC 20 2001~~

PEOPLE OF THE STATE OF CALIFORNIA, )

KIRI TORRE )

Chief Exec. the Clerk/Clark Santa Clara )

Superior Court of Santa Clara Deputy            Plaintiff, )     CASE NO. BB152071

By _____ )

)

VS                               )

)                            **VERDICT OF THE JURY**

)

SAMUEL ORTEGA,                   )

Defendant.  )

_____ )

**COUNT THIRTEEN**

We the Jury in the above-entitled cause, find the defendant, **SAMUEL ORTEGA,**

_Guilty_ of a violation of **PENAL CODE SECTION 209(B) - KIDNAPPING**

GUILTY/NOT GUILTY

**TO COMMIT SEXUAL OFFENSE,** a Felony, to wit:  On or about November 13, 1999, in the

County of Santa Clara, State of California, the said defendant, **SAMUEL ORTEGA,** did kidnap

and carry away, Nayele G. to commit rape.

DATED: 05/04/01                    Juror #7
                                   Foreperson
                                   614

-24-

**FILED**

MAY 0 2 2001

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
By _____ Deputy

We the Jury in the above-entitled cause, find that at the time of and in the commission and

attempted commission of the offense charged above in Count 13 - PC 209(B), the said

defendant, **SAMUEL ORTEGA**, personally used a deadly and dangerous weapon, a knife, to be

TRUE .

(TRUE)/NOT TRUE

DATED: 05/02/01

Juror #7
Foreperson

615

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SANTA CLARA**

FILED

MAY 0 2 2001

Kiri Torre
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
By _____ Deputy

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, ) | | CASE NO. BB152071 |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| VS ) | | **VERDICT OF THE JURY** |
| ) | | |
| ) | | |
| SAMUEL ORTEGA, ) | | |
| Defendant. ) | | |
| ) | | |

**COUNT FOURTEEN**

We the Jury in the above-entitled cause, find the defendant, **SAMUEL ORTEGA**,

_____Guilty_____ of a violation of **PENAL CODE SECTION 664 - 261(A)(2) -**
GUILTY/NOT GUILTY

**ATTEMPTED RAPE BY FORCE, VIOLENCE, DURESS, MENACE OR FEAR**, a Felony,

to wit: On or about November 13, 1999, in the County of Santa Clara, State of California, the

said defendant, **SAMUEL ORTEGA**, did attempt to accomplish an act of sexual intercourse

with Nayele G., a person not the spouse of the defendant, against the person's will by means of

force, violence, duress, menace, or fear of immediate and unlawful bodily injury.

DATED: 05/02/01

Juror #7
Foreperson
616

-26-



FILED

MAY 0 2 2001

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
By_____ Deputy

We the Jury in the above-entitled cause, find that in the commission and attempted

commission of the offense charged in Count 14 - PC 664 - 261(A)(2), the said defendant,

**SAMUEL ORTEGA**, personally used a deadly weapon, a knife, to be _____ TRUE _____ .
                                                                    (TRUE)/NOT TRUE

DATED: 05/02/01                          Juror #7
                                         Foreperson

617

-27-

FILED

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SANTA CLARA**

MAY 0 2 2001

PEOPLE OF THE STATE OF CALIFORNIA, )
                                    )
                        Plaintiff, )
                                    )
                                    )
            VS                      )
                                    )
                                    )
                                    )
SAMUEL ORTEGA,                      )
                                    )
                        Defendant.  )
_____)

CASE NO. BB152071

**VERDICT OF THE JURY**

### COUNT FIFTEEN

We the Jury in the above-entitled cause, find the defendant, **SAMUEL ORTEGA,**

_____Guilty_____ of a violation of **PENAL CODE SECTION 245(A)(1) - ASSAULT**
(GUILTY) NOT GUILTY

**WITH A DEADLY WEAPON,** a Felony, to wit:  On or about November 13, 1999,  in the

County of Santa Clara, State of California, the said defendant, **SAMUEL ORTEGA,** did

commit an assault upon the person of Nayele G. with a deadly weapon and instrument other than

a firearm, a knife.

DATED: 05/02/01

Juror #7
Foreperson
618

-28-

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

FILED

PEOPLE OF THE STATE OF CALIFORNIA, )
                                    )
                         Plaintiff, )          CASE NO. BB152071
                                    )
VS                                  )
                                    )
                                    )          **VERDICT OF THE JURY**
                                    )
SAMUEL ORTEGA,                      )
                        Defendant.  )
_____)

## COUNT SIXTEEN

We the Jury in the above-entitled cause, find the defendant, **SAMUEL ORTEGA,**

_____Guilty_____ of a violation of **PENAL CODE SECTION 209(B) – KIDNAPPING**
GUILTY/NOT GUILTY

**TO COMMIT SEXUAL OFFENSE,** a Felony, to wit:  On or about November 20, 1999, in the

County of Santa Clara, State of California, the said defendant, **SAMUEL ORTEGA,** did kidnap

and carry away, Dora A. to commit rape.

DATED: 05/02/01

Juror #7
Foreperson
619

-29-

**FILED**

MAY 09 2001

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
By _____ Deputy

We the Jury in the above-entitled cause, find that at the time of and in the commission and

attempted commission of the offense charged above in Count 16 - PC 209(B), the said

defendant, **SAMUEL ORTEGA**, personally used a deadly and dangerous weapon, a knife, to be

*True* .

(TRUE)/NOT TRUE

DATED: 05/02/01

JUROR #7
Foreperson

620

-30-

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

FILED

MAY 0 2 2001

KIRI TORRE
Clerk of the Superior Court
County of Santa Clara
By_____ DEPUTY

PEOPLE OF THE STATE OF CALIFORNIA, )
                                         )
                            Plaintiff, )
                                         )
                        VS            )
                                         )
                                         )
SAMUEL ORTEGA,              )
                        Defendant. )
                                       )

CASE NO. BB152071

**VERDICT OF THE JURY**

**COUNT SEVENTEEN**

We the Jury in the above-entitled cause, find the defendant, **SAMUEL ORTEGA**,

_____GUILTY_____ of a violation of **PENAL CODE SECTION 664 - 261(A)(2) -**
GUILTY/NOT GUILTY

**ATTEMPTED RAPE BY FORCE, VIOLENCE, DURESS, MENACE OR FEAR**, a Felony,

to wit: On or about November 20, 1999, in the County of Santa Clara, State of California, the

said defendant, **SAMUEL ORTEGA**, did attempt to accomplish an act of sexual intercourse

with Dora A., a person not the spouse of the defendant, against the person's will by means of

force, violence, duress, menace, or fear of immediate and unlawful bodily injury.

DATED: _05/02/01_

JUROR # 7
FOREPERSON
621

-31-

**FILED**

MAY 0 2 2001

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of the State of Santa Clara
By _____ Deputy

We the Jury in the above-entitled cause, find that in the commission and attempted

commission of the offense charged in Count 17 - PC 664 - 261(A)(2), the said defendant,

**SAMUEL ORTEGA,** personally used a deadly weapon, a knife, to be _____TRUE_____ .

(TRUE)/NOT TRUE

DATED: 05/02/01                          Juror #7
                                          Foreperson

622

-32-

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

PEOPLE OF THE STATE OF CALIFORNIA, )
                                    )
                    Plaintiff,      )        CASE NO. BB152071
                                    )
                                    )
        VS                          )
                                    )
                                    )        VERDICT OF THE JURY
                                    )
SAMUEL ORTEGA,                      )        FILED
                    Defendant.      )
                                    )        MAY 0 2 2001

                                             KIRI TORRE
                                             Chief Executive Officer/Clerk
                                             Superior Court County of Santa Clara
                                             By _____ Deputy

## COUNT EIGHTEEN

We the Jury in the above-entitled cause, find the defendant, **SAMUEL ORTEGA,**

_____ Guilty _____ of a violation of **PENAL CODE SECTION 245(A)(I) - ASSAULT**
GUILTY/NOT GUILTY

**WITH A DEADLY WEAPON,** a Felony, to wit:  On or about November 20, 1999,  in the

County of Santa Clara, State of California, the said defendant, **SAMUEL ORTEGA,** did

commit an assault upon the person of Dora A. with a deadly weapon and instrument other than

a firearm, a knife.

DATED: _05/02/01_

                                    Juror #7
                                    Foreperson
                                    623

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

PEOPLE OF THE STATE OF CALIFORNIA, )
                                    )
                        Plaintiff,  )
                                    )        CASE NO. BB152071
                                    )
            VS                      )
                                    )
                                    )        **VERDICT OF THE JURY**
                                    )
SAMUEL ORTEGA,                      )
                        Defendant.  )        **FILED**
                                    )
——————————————————————              )        MAY 02 2001

                                             KIRI TORRE
**COUNT NINETEEN**                           Chief Executive Officer/Clerk
                                             Superior Court of Santa Clara County
                                             By _____ Deputy

We the Jury in the above-entitled cause, find the defendant, **SAMUEL ORTEGA,**

_NOT GUILTY_ of a violation of **PENAL CODE SECTION 664 - 261(A)(2) -**
GUILTY/NOT GUILTY

**ATTEMPTED RAPE BY FORCE, VIOLENCE, DURESS, MENACE OR FEAR,** a Felony,

to wit:  On or about December 23, 1999,  in the County of Santa Clara, State of California, the

said defendant, **SAMUEL ORTEGA,** did attempt to accomplish an act of sexual intercourse

with Felicitas S., a person not the spouse of the defendant, against the person's will by means of

force, violence, duress, menace, or fear of immediate and unlawful bodily injury.

DATED: _05/02/01_

Juror #7
Fore person
624

-34-

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

PEOPLE OF THE STATE OF CALIFORNIA, )
                                 )
                     Plaintiff, )
                                 )
                                 )
           VS                          )
                                 )
                                 )
SAMUEL ORTEGA,              )
                  Defendant. )
                                 )

CASE NO. BB152071

VERDICT OF THE JURY

FILED

MAY 0 2 2001

KIRI TORRE
Superior Court Executive Officer/Clerk
           County of Santa Clara
By _____ Deputy

## COUNT TWENTY

We the Jury in the above-entitled cause, find the defendant, SAMUEL ORTEGA,

___NOT GUILTY___ of a violation of **PENAL CODE SECTION 664(A)-187 -**
GUILTY/NOT GUILTY

**ATTEMPTED MURDER,** a Felony, to wit:  On or about December 23, 1999,  in the County of

Santa Clara, State of California, the said defendant, **SAMUEL ORTEGA,** did unlawfully and

with malice aforethought, attempt to kill a human being, Rocio G.

DATED: 05/02/01

Juror #7
Foreperson
          625

-35-

We the Jury in the above-entitled cause, find that in the commission of the offense charged in Count 20 - PC 664(A)-187, the said defendant, **SAMUEL ORTEGA**, did willfully, deliberately, and with premeditation attempt the murder of Rocio G., to be ___NOT TRUE___.
TRUE/NOT TRUE

DATED: 05/02/01

*Juror #7*
*Foreperson*

---

We the Jury in the above-entitled cause, find that at the time of and in the commission and attempted commission of the offense charged in Count 20 - PC 664(A)-187, the said defendant, **SAMUEL ORTEGA**, personally used a deadly and dangerous weapon, a knife, to be ___NOT TRUE___.
TRUE/NOT TRUE

DATED: 05/02/01

*Juror #7*
*Foreperson*

---

We the Jury in the above-entitled cause, find that in the commission and attempted commission of the offense charged in Count 20 - PC 664(A)-187, the defendant, **SAMUEL ORTEGA**, personally inflicted great bodily injury upon Rocio G., a person not an accomplice to the offense, to be ___NOT TRUE___.
TRUE/NOT TRUE

DATED: 05/02/01

*Juror #7*
*Foreperson*
626

-36-

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

PEOPLE OF THE STATE OF CALIFORNIA, )
                                )
                Plaintiff, )
                                )
                                )
               VS                )
                                )
                                )
SAMUEL ORTEGA,            )
               Defendant. )
                                )

CASE NO. BB152071

**VERDICT OF THE JURY**

FILED

MAY 0 2 2001

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of Santa Clara
                                Deputy

<u>**LESSER-RELATED OFFENSE TO COUNT TWENTY-ONE**</u>

We the Jury in the above-entitled cause, having found the defendant not guilty of Count 21 -

PC664(A) - 187, Attempted Murder, hereby find the defendant, **SAMUEL ORTEGA,**

_Guilty_ of a violation of **PENAL CODE SECTION 245(A)(1) - ASSAULT**

<u>GUILTY</u>/NOT GUILTY

**WITH A DEADLY WEAPON,** a Felony, to wit:  On or about December 23, 1999,  in the

County of Santa Clara, State of California, the said defendant, **SAMUEL ORTEGA,** did

commit an assault upon the person of Rocio G. with a deadly weapon and instrument other

than a firearm, a bicycle.

DATED: _05/02/01_

Jury #7
Foreperson
              627

-37-

FILED

MAY 0 2 2001

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
By _____

We the Jury in the above-entitled cause, find that at the time of and in the commission and

attempted commission of the lesser-related offense charged in Count 20 - PC 245(A)(1), the said

defendant, **SAMUEL ORTEGA**, personally used a deadly and dangerous weapon, a knife, to be

_TRUE_ .

(TRUE)/NOT TRUE

DATED: _05/02/01_

JUROR #7
Foreperson

--------------------------------------------------------

We the Jury in the above-entitled cause, find that in the commission and attempted

commission of the lesser-related offense charged in Count 20 - PC 245(A)(1), the defendant,

**SAMUEL ORTEGA**, personally inflicted great bodily injury upon Rocio G., a person not an

accomplice to the offense, to be _TRUE_ .

(TRUE)/NOT TRUE

DATED: _05/02/01_

JUROR #7
Foreperson

628

-38-

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

PEOPLE OF THE STATE OF CALIFORNIA, )
                                    )       CASE NO. BB152071
                    Plaintiff,      )
                                    )
                                    )
            VS                      )
                                    )
                                    )       VERDICT OF THE JURY
                                    )
SAMUEL ORTEGA,                      )
                    Defendant.      )
_____ )

COUNT TWENTY-ONE

We the Jury in the above-entitled cause, find the defendant, **SAMUEL ORTEGA**,

_____ of a violation of **PENAL CODE SECTION 664-261(A)(2) -**
GUILTY/NOT GUILTY

**ATTEMPTED RAPE BY FORCE, VIOLENCE, DURESS, MENACE OR FEAR,** a Felony,

to wit:  On or about December 23, 1999, in the County of Santa Clara, State of California, the

said defendant, **SAMUEL ORTEGA**, did attempt to accomplish an act of sexual intercourse

with Rocio G., a person not the spouse of the defendant, against the person's will by means of

force, violence, duress, menace, or fear of immediate and unlawful bodily injury.

DATED: _____                    _____
                                       **FOREPERSON**

                                                629

-39-

We the Jury in the above-entitled cause, find that in the commission and attempted

commission of the offense charged in Count 21 - PC 664 - 261(A)(2), the said defendant,

**SAMUEL ORTEGA,** personally used a deadly weapon, a knife, to be _____ .

                                                                     TRUE/NOT TRUE

DATED: _____                    _____

                                                               FOREPERSON

---

We the Jury in the above-entitled cause, find that in the commission and attempted

commission of the offense charged in Count 21 - PC 664 - 261(A)(2), the said defendant,

**SAMUEL ORTEGA,** personally inflicted great bodily injury upon the victim, Rocio G., to be

_____ .

TRUE/NOT TRUE

DATED: _____                    _____

                                                               FOREPERSON

**630**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

PEOPLE OF THE STATE OF CALIFORNIA, )
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　Plaintiff,  )　　　CASE NO. BB152071
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　VS　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　　VERDICT OF THE JURY
　　　　　　　　　　　　　　　　　　　)　　　FILED
SAMUEL ORTEGA,　　　　　　　　　　　)
　　　　　　　　　　　　Defendant.   )　　　MAY 0 ? 2001
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　KIRI TORRE
　　　　　　　　　　　　　　　　　　　　　　Chief Executive Officer/Clerk
　　　　　　　　　　　　　　　　　　　　　Superior Court of CA, County of Santa Clara
　　　　　　　　　　　　　　　　　　　　By _____ Deputy

COUNT TWENTY-TWO

We the Jury in the above-entitled cause, find the defendant, SAMUEL ORTEGA,

_____Guilty_____ of a violation of **HEALTH & SAFETY CODE SECTION 11350(A)**,
GUILTY/NOT GUILTY

a Felony, to wit: On or about December 23, 1999, in the County of Santa Clara, State of

California, the said defendant, **SAMUEL ORTEGA**, did possess a controlled substance, to wit:

Cocaine.

DATED: 05/02/01

Juror # 7
Foreperson
631

-41-

# EXHIBIT 2

SUPERIOR COURT
190 WEST HEDDING STREET
SAN JOSE, CA 95110

CASE NO.   BB152071
CEN        99073748
DATE  07/20/2001   9:03 AM  DEPT.   39

PEOPLE VS.   SAMUEL  ORTEGA
L.K.A.   2637        FAYAETTE DR 118
         MOUNTAIN VIEW, CA 94040
DOB: 08/07/1978

CLERK  K. POTTER           DMU376 M
HEARING  PROBATION AND SENTENCING
AGENCY  SJ-04311-J8444-JOHNSTON

JUDGE  HON. RENE NAVARRO
REPORTER  J. BARRON
DEF. ATTY.  KAPP, J.J.           D.A.  J MCCracken  APO  J Hamilton  PB:
STATUS  I-SET -NBA             TW
CHARGES  F(001) PC289(A)       F(002) PC261(A)(2)        VIOLATION DATE
         F(003) PC286(C)(2)    F(004) PC261(A)(2)        03/24/1997
         F(005) PC664/261(A)(2)  F(006) PC245(A)(1)      *

**NEXT APPEARANCE**

- [X] Defendant Present  [ ] Not Present        Atty Present  JJ Kapp
- [X] WFA  [ ] Arr'd  [ ] Amended complt        [ ] Arr  [ ] Plea  [ ] IDC  [ ] Prob / Sent  [X] Interp  Spanish
- [ ] PC977 Waiver  [ ] Filed  [ ] On file      [ ] Bail/ OR/ SORP  [ ] Rect Dr Rpt  [ ] FAR
- [ ] NG  [ ] Entered by CRT  [ ] NGBRI / Adv   [ ] PSet  [ ] Prelim  [ ] PTC  [ ] S/B MTC
- [ ] Priors / Allegations / Enhancements Denied  [ ] Further  [ ] Jury  [ ] CT  [ ] Peo/Def Wav Jury
- [X] TW  [ ] TNW  [ ] TW / WD  [X] for Sent     [ ] Proof of
- [ ] Ref / Appt PD / ADO  [ ] Conflict Decl     [ ] Ref'd
- [ ] Relieved _____ Appt'd                       [ ] Crim Proc Susp  [ ] Rein
- [ ] Hrg on Motion                               [ ] Doubt Decl Pursuant PC 1368
- [ ] Granted  [ ] Den  [ ] Subm  [ ] OC         [ ] Subm on rept  [ ] Found
- [ ] Drs. Appointed                              [ ] Max Term _____  [ ] Committed
- [ ] Prelim Waived  [ ] Certified to General Jurisdiction  [ ] MDA / COM Amended to

**PLEA Conditions:**  [ ] None  [ ] No State Prison  [ ] PC17 after 1 Yr Prob  [ ] Includes VOP
- [ ] Jail / Prison Term of
- [X] Dismissal / Striking  (+ 21 by MOA @ this time
- [ ] Adv  [ ] Max Pen  [ ] Parole/Probation  [ ] Appeal  [ ] Immig  [ ] Reg PC290/HS11590/PC457.1/PC186.30
- [ ] Waives Constit Rights  [ ] Written Waiver filed  [ ] PC17 REDUCTION  [ ] Waives Arbuckle  [ ] Harvey Stip
- [ ] COP PLEADS  [X] GUILTY  [ ] NOLO CONTENDERE
- [ ] Notice of Eligibility Filed  [ ] DEJ Granted  [ ] DEJ Rein  [ ] DEJ Term  [ ] Guilty Plea Rendered
- [ ] Waives Referral  [ ] Ref'd to APO Full Rpt  [X] PROBATION DENIED
- [ ] Sentenced to _____ State Prison/County Jail  [ ] Sent Suspended

**PROBATION**  [ ] Execution  [ ] Imposition of sentence suspended for probation period
- [ ] COURT  [ ] FORMAL PROBATION GRANTED for _____ Days / Mos / Yrs
- [ ] Report to APO within _____ Days  [ ] Upon Release  [ ] Terminated
- [ ] Commun Altern Program  [ ] Perform _____ hrs Volunteer Work
- [ ] Submit Search / Testing  [ ] Educ / Voc Trng / Empl
- [ ] Not drive w/o valid DL & Ins  [X] DVPO issued / mod / term Exp
- [ ] Not own/possess deadly weapons  [ ] Weapon ordered destroyed
- [X] No contact w/victim or family / co-defts unless appr by APO  [ ] PC1202.05
- [ ] No alcohol / drugs or where sold  [X] Restitution  TBD
- [ ] Substance abuse, Domestic Violence, Psychological, Parenting cnsl / prgm
- [X] PC296 (DNA)  [ ] PC1202.3 (Aids Testing)  [ ] Aids Education Program
- [ ] Other: _____

**FINES/FEES:**  PAY TO  [ ] DOR  [ ] COURT
- COUNT ____ $ _____ + PA $ _____  [ ] Purs HS11350d
- COUNT ____ $ _____ + PA $ _____
- DPF / AIDS  $
- BRF / RF  $ 10,000 Add'l RF $ 10,000 susp'd PC1202.45
- DEJ  $ _____  CTS PC 2900.5  $
- AEF  $ _____  TOTAL DUE  $
- ADPA  $ _____  [ ] Committed @ $ _____ /Day
- LAB  $ _____  [ ] Consec/Conc to
- NC  $ _____  [ ] Payments Granted / Modified
- ASF / CPF  $ _____ / Mo beginning
- AR  $ _____  [ ] FINE STAYED
- SHELTER  $ _____  [ ] Fine Deemed Satisfied  [ ] Commuted
- DV  $ _____  [ ] Vol Wk _____ Hrs in Lieu of Fine

**VOP:**  [ ] Arr'd VOP  [ ] Admits/Denies Violation  [ ] Court Finds VOP / No VOP
- [ ] Prob Rein / Mod / Term / Revoked / Remains Revoked / Ext to
- [ ] Original Terms & Conditions Except as Amended Herein
- Coterminous with _____  [ ] No Further Penalties

**JAIL/PRISON**  [ ] See Attach'm Pg for Add'l Orders, Charges, PC1385 Reasons  [ ] Referred to VWAC  [ ] As Determined APO / CRT

| Count | F/M | Violation | Prison Term / Yrs | Enhancement / Priors | Yrs / Styd / Strkn | County Jail | |
|-------|-----|-----------|-------------------|---------------------|--------------------|-----|-----|
| I | F | PC 664/261(a)(2) MID | 4 yrs 9 months | HUB PC289(a)33.yrs | | | CTS |
| 5 | F | PC664/261(a)(2) MID | CTS | PC1202.3 = 12yrs | CTS = 1 yr 4 mos | CTS = 2 yrs 4 mos | |
| 6 | F | PC 245(a)(1) MID | 3 yrs | + stayed PC654 | | CTS = 4 yrs 3 mos | |
| | F | PC664/261(a)(2) MID | 4 yrs 3 d MID = 1 yrs | +3 MID PC1202 = 1 yr 4 mos | CTS = 2 yrs 4 mos | | CTS |

| Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 683 |

CTS = 571 ACT + 86  [ ] PC4019  [X] PC2933.1 = 66  TOTAL DAYS _____  TOTAL TERM
- [ ] Straight time  [ ] WWP  [ ] PC1209 Fees  [ ] Waived  [ ] Court Rec  [ ] Except  [ ] EMP/PSP/WF/ERP/DRP/Co Parole/NP
- [ ] Sent Deemed Srvd  [ ] Rpt to Local Parole  [ ] Adv of _____ Yrs Parole/Appeal Rights  [ ] Consec  [ ] Conc to
- [ ] Bal CJ Susp  [ ] All but _____ Days/Mos  [ ] On Cond Complete Residential Treatment Prgm  [ ] Serve Consec MO/TU/WE/TH/FR/SA/SU
- [ ] Pre-process _____ AM/PM  [ ] Stay/Surrender Transport to _____ @ _____ AM/PM or Sooner

- [ ] REMANDED-BAIL $ _____  [ ] NO BAIL  [X] COMMITTED  [ ] RELEASED  [ ] OR  [ ] SORP  [ ] DOC TO CONTACT JAC FOR ASSM'T
- [ ] AS COND OF SORP  [ ] BAIL INCREASED / REDUCED  [ ] TO PRGM AS REC BY JAC-DOC TO TRANSPORT FOR BALANCE OF JAIL

DISTRIBUTION:   BLACK - FILE COPY,   GREEN - DOC,   BLUE - CJIC,   PURPLE - DOR/PROBATION,   BROWN - DEFENDANT

#1

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SANTA CLARA**
**ATTACHMENT PAGE**

PEOPLE vs. _Samuel Ortega_     CASE # _BB152071_
                               DATE: _7-2-001_

| Count | F/M | Violation | Prison Term /Yrs | Enhancements / Priors | Yrs/Stgd/Strkn | County Jail |
|---|---|---|---|---|---|---|
| 8 | F | PC 245(a)(1) - MID-3 yrs | stayed PC 654 to Ct 7 | | | |
| 9 | F | PC 664/261(a)(2) - 1/3 MID - 1 yr 4 mos | 1/3 MID-1 yr 4 mos PC 2022.3 (2 yrs 4 mos) CS | | | |
| 10 | F | PC 245(a)(1) - MID-3 yrs | stayed obr PC 654 to Ct 9 | | | |
| 12 | F | PC 245(a)(1) - MID-3 mos + PC 2022.3(a) - 3 yrs CS = 6 days stayed CS | | | | |
| 14 | F | PC 664/261(a)(2) - 1/3 MID-1 yr CS + PC 2022.3(a) - stay PC 654 = 1 @ CS | | | | |
| 15 | F | PC 245(a)(1) - MID-3 years - stayed PC 654 to Ct 13 | | | | |
| 17 | F | PC 664/261(a)(2) - 1/3 MID-1 yr CS + PC 2022.3(a) - stay PC 654 = 1 yr CS | | | | |
| 18 | F | PC 245(a)(1) - MID-3 years - stayed PC 654 to Ct 16 | | | | |
| 20 | F | PC 245(a)(1) - 1/3 MID-1 yr CS + 1/3 MID-1 yr CS - PC 2022, 1 yr 2 yrs CS | | | | |

**Strike Prior(s) stricken pursuant to PC1385 based on the following reasons:**

1.
2.
3.  *(Ct 12 stayed PC 654 to Ct 11)
4.  **(PC 2022.3(a)-4 yrs imposed but stayed PC 654 to Ct 13
5.

**ADDITIONAL PROBATION CONDITIONS:**
***(PC 2022.3(a)-4 yrs-stayed PC 654 to Ct 16)

[ ] Participate in San Jose Alternatives to Violence Men's Drop-In Group until enrolled in Domestic Violence Program
[ ] Participate in Alcohol/Child Abusers or other therapeutic program/counseling as directed by APO/Court

[ ] Participate in [ ] Delete   [ ]Reinstate  [ ] 1ˢᵗ Offender [ ] 3 mos [ ] 6 mos [ ] MOP [ ] Report within _____days
[ ] DL suspended/revoked/restricted for _____days/mos/yrs to, from, during [ ] Work/Alc Prog/School/Appts_____ [ ] Pur VC_____
[ ] IID advised / ordered / removed. Term_____yrs. [ ] Vehicle impounded / not impounded  [ ] Standard conditions Pursuant VC23600

[ ] Pay all certified batterer's program participation fees
[ ] Do not annoy, molest, strike, attack, threaten, harass, batter, sexually assault or disturb the peace of the victim
[ ] No contact with victim or family / co-defendants unless approved by APO / Court
[ ] No contact by mail / pager / portable communication device
[ ] Stay away from victim's residence and place of employment
[ ] Stay_____ feet / yards from victim
[ ] May have contact with victim under conditions approved by APO
[ ] Obey all Family Court orders
[ ] Shall not use corporal punishment in the disciplining of children

[ ] No illegal drugs / medications without a prescription
[ ] Take all medications as prescribed                                    684

[ ] GANG ORDERS: no insignia, tattoos, emblem, button, badge, cap, hat, scarf, bandanna, jacket, or other article of clothing which is evidence of affiliations with/or membership in a gang, no association with gang members, not frequent any areas of gang related activity. Shall not be adjacent to any school campus during school hours unless enrolled or with prior administrative permission. Shall not appear at any court proceeding unless a party, or defendant in a criminal action or subpoenaed as a witness. Register as required by law due to gang association.
[ ] Other: _Defense states objection to consecutive sentences on Cts 2,3,4_
_APO states changes on ADO report for the record_

**DISTRIBUTION: BLACK-FILE COPY,  GREEN-DOC,  BLUE-CJIC,  PURPLE-DOR/PROBATION,  BROWN-DEFENDANT**

#2

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SANTA CLARA**

**ATTACHMENT PAGE**

PEOPLE vs. _Samuel Ortega_

CASE # BB152071
DATE: 7-20-07

| Count | F/M | Violation | Prison Term Yrs | Enhancements / Priors | Yrs/Styd/Strkn | County Jail |
|---|---|---|---|---|---|---|
| 22 | F | #S11350(a) | = MID - 2yrs CS | +4yrs PC12022.3(a)'s = 10yrs CS | | |
| 3 | F | PC261(a)(2) | - MID - 6yrs CS | +PC12022.3(a) = 4yrs CS = 10yrs CS | | |
| 5 | F | PC286(x)(2) | - MID - 6yrs CS | +PC12022.3(a) = 4yrs CS = 10yrs CS | | |
| 4 | F | PC261(a)(2) | - MID - 6yrs CS | +PC12022.3(a) = 4yrs CS = 10yrs CS | | |
| 1 | F | PC289(a) | = 25yrs to Life w/ PC667.61(a)(d)(e) +4yrs PC12022.3(a) (4) | w/PC667.61 | | |
| | | | C/S 25yrs to Life C/S | | | |
| 13 | F | PC209(b) | - Life C/S to PC12022(b)(1) +1yr C/S = Life C/S to 1 yr C/S | | | |
| 16 | F | PC209(b) | - Life C/S to PC12022(b)(1) +1yr C/S = Life C/S to 1 yr C/S | | | |
| | | **TOTAL TERM** = Life C/S to Life C/S +25 years to Life C/S +59yrs | | | | | |

Strike Prior(s) stricken pursuant to PC1385 based on the following reasons:
1.
2.
3.
4.
5.

## ADDITIONAL PROBATION CONDITIONS:

[ ] Participate in San Jose Alternatives to Violence Men's Drop-In Group until enrolled in Domestic Violence Program
[ ] Participate in Alcohol/Child Abusers or other therapeutic program/counseling as directed by APO/Court

[ ] Participate in [ ] Delete  [ ]Reinstate  [ ] 1st Offender [ ] 3 mos [ ] 6 mos [ ] MOP [ ] Report within _____days
[ ] DL suspended/revoked/restricted for _____days/mos/yrs to, from, during [ ] Work/Alc Prog/School/Appts_____ [ ] Pur VC_____
[ ] IID advised / ordered / removed. Term_____yrs. [ ] Vehicle impounded / not impounded   [ ] Standard conditions Pursuant VC23600

[ ] Pay all certified batterer's program participation fees
[ ] Do not annoy, molest, strike, attack, threaten, harass, batter, sexually assault or disturb the peace of the victim
[ ] No contact with victim or family / co-defendants unless approved by APO / Court
[ ] No contact by mail / pager / portable communication device
[ ] Stay away from victim's residence and place of employment
[ ] Stay_____ feet / yards from victim
[ ] May have contact with victim under conditions approved by APO
[ ] Obey all Family Court orders
[ ] Shall not use corporal punishment in the disciplining of children

[ ] No illegal drugs / medications without a prescription
[ ] Take all medications as prescribed

685

[ ] GANG ORDERS: no insignia, tattoos, emblem, button, badge, cap, hat, scarf, bandanna, jacket, or other article of clothing which is evidence of affiliations with/or membership in a gang, no association with gang members, not frequent any areas of gang related activity. Shall not be adjacent to any school campus during school hours unless enrolled or with prior administrative permission. Shall not appear at any court proceeding unless a party, or defendant in a criminal action or subpoenaed as a witness. Register as required by law due to gang association.)
[ ] Other: The Ct will impose sentence on Ct 1123 (a) pw PC667.6(c)
✓ remaining counts pursuant to PC1170.1

DISTRIBUTION: BLACK-FILE COPY,  GREEN-DOC,  BLUE-CJIC,  PURPLE-DOR/PROBATION,  BROWN-DEFENDANT

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – INDETERMINATE
*[NOT ~D WITHOUT COMPLETED PAGE TWO OF CR-~ ATTACHED]*                          CR-292

| ☒ SUPERIOR       COURT OF CALIFORNIA, COUNTY OF SANTA CLARA |
|---|
| ☐ MUNICIPAL      BRANCH OR JUDICIAL DISTRICT      HALL OF JUSTICE |

| PEOPLE OF THE STATE OF CALIFORNIA vs.<br>DEFENDANT: SAMUEL ORTEGA | DOB: 08-07-78 | BB152071 | -A |
|---|---|---|---|
| AKA: SAMUEL ANTONIO ORTEGA | | | -B |
| CII#: | ☐ NOT PRESENT | | -C |
| BOOKING #: 99073748 | | | |
| COMMITMENT TO STATE PRISON<br>ABSTRACT OF JUDGMENT | ☐ AMENDED<br>ABSTRACT | | -D |

| DATE OF HEARING   07-20-01 | DEPT. NO.   39 | JUDGE   RENE NAVARRO |
|---|---|---|
| CLERK   K. POTTER | REPORTER   J. BARRON | PROBATION NO. OR PROBATION OFFICER   J. HAMILTON |
| COUNSEL FOR PEOPLE        J. MCCRACKEN | | COUNSEL FOR DEFENDANT   J.J. KAPP        ☐ APPTD. |

1.  Defendant was convicted of the commission of the following felonies:
    ☒ Additional counts are listed on attachment
        02  (number of pages attached)

| CNT. | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DATE/YEAR) | JURY | COURT | PLEA | CONCURRENT | CONSECUTIVE | 654 STAY |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 | PC | 289(A) | PENETRATION BY A FOREIGN OBJECT - BY FORCE, VIOLENCE | 1997 | 05-02-01 | X | | | | | |
| 13 | PC | 209(B) | KIDNAPPING TO COMMIT SEXUAL OFFENSE | 1997 | 05-02-01 | X | | | | X | |
| 16 | PC | 209(B) | KIDNAPPING TO COMMIT SEXUAL OFFENSE | 1999 | 05-02-01 | X | | | | X | |
| | | | | | · · | | | | | | |
| | | | | | · · | | | | | | |
| | | | | | · · | | | | | | |

2.  ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count
    enhancement horizontally.  Enter time imposed for each or "S" for stayed.  DO NOT LIST enhancements stricken under PC 1385.

| CNT. | ENHANCEMENT | YRS | ENHANCEMENT | YRS | ENHANCEMENT | YRS | ENHANCEMENT | YRS | TOTAL | |
|---|---|---|---|---|---|---|---|---|---|---|
| 01 | PC12022.3(A) | S** | | | | | | | | |
| 13 | PC12022(B)(1) | 1 | | | | | | | 1 | 0 |
| 16 | PC12022(B)(1) | 1 | | | | | | | 1 | 0 |

3.  ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTION OR PRISON TERMS (mainly in the PC 667 series).
    List all enhancements horizontally.  Enter time imposed for each or "S" for stayed.  DO NOT LIST enhancements stricken under PC 1385

| ENHANCEMENT | YRS | ENHANCEMENT | YRS | ENHANCEMENT | YRS | ENHANCEMENT | YRS | TOTAL |
|---|---|---|---|---|---|---|---|---|
| PC667.61(A)/(E) | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Defendant was sentenced to State Prison for an INDETERMINATE TERM:
4.  ☒ For LIFE WITHOUT THE POSSIBILITY OF PAROLE on counts **1, 13, 16**
5.  ☐ For LIFE WITH POSSIBILITY OF PAROLE on counts      **TOTAL TERM: LIFE C/S TO LIFE C/S TO 25 YRS TO LIFE**
6.  ☐ For _____ years to life, WITH POSSIBILITY OF PAROLE on counts      **C/S TO 55 YRS.**
    PLUS enhancement time shown above.
7.  ☐ Additional determinate term (see CR-290).
8.  Defendant was sentenced pursuant to ☐ PC 667(b)-(i) or PC 1170.12      ☐ PC 667.61   ☐ PC667.7   ☐ PC 667.9
    ☐ other *(specify)*:

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for indeterminate sentences.  Attachments may be used but must be referred to in this document.
(Continued on reverse)

Form Adopted by the
Judicial Council of California
CR -292 (Rev. January 1, 1999)
ABSTRACT OF JUDGMENT – PRISON COMMITMENT – INDETERMINATE
*[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-292 ATTACHED]*        686        Penal Code
§§ 1213, 1213.

ABSTRACT OF JUDGMENT – PRISON COMMITMENT
ATTACHMENT PAGE

CR-290-

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: **SAMUEL ORTEGA**

| BB152071 | -A | | -B | | -C | | -D |
|---|---|---|---|---|---|---|---|

1. Defendant was convicted of the commission of the following felonies:
   This attachment page number: _

| CNT. | CODE | SECTION NO. | CRIME | YEAR CRIM COMMITTED | DATE OF CONVICTION (MO/DAY/YEAR) | CONVICTED BY ATTY | COURT | PLEA | TERM (L.A.U) | CONCURRENT | CONSECUTIVE 1/3 VIOLENT | CONSECUTIVE 1/3 NONVIOLENT | CONSECUTIVE FULL TERM | INCOMPLETE SENTENCE IMPOSED | 654 STAY | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YRS. | MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | PC | 664/261(A)(2) | ATTEMPTED RAPE BY FORCE | 1999 | 05-02-01 | X | | | M | | | | | | | 3 | 0 |
| 05 | PC | 664/261(A)(2) | ATTEMPTED RAPE BY FORCE | 1999 | 05-02-01 | X | | | M | | X | | | | | 1 | 0 |
| 06 | PC | 245(A)(1) | ASSAULT W/A KNIFE | 1999 | 05-02-01 | X | | | M | | | | | | X | | |
| 07 | PC | 664/261(A)(2) | ATTEMPTED RAPE BY FORCE | 1999 | 05-02-01 | X | | | M | | X | | | | | 1 | 0 |
| 08 | PC | 245(A)(1) | ASSAULT W/ A KNIFE | 1999 | 05-02-01 | X | | | M | | | | | | X | | |
| 09 | PC | 664/261(A)(2) | ATTEMPTED RAPE BY FORCE | 1999 | 05-02-01 | X | | | M | | X | | | | | 1 | 0 |
| 10 | PC | 245(A)(1) | ASSAULT W/A KNIFE | 1999 | 05-02-01 | X | | | M | | | | | | X | | |
| 12 | PC | 245(A)(1) | ASSAULT W/ A KNIFE | 1999 | 05-02-01 | X | | | M | | | | | | X | | |
| 14 | PC | 664/261(A)(2) | ATTEMPTED RAPE BY FORCE | 1999 | 05-02-01 | X | | | M | | X | | | | | 1 | 0 |
| 15 | PC | 245(A)(1) | ASSAULT W/ A KNIFE | 1999 | 05-02-01 | X | | | M | | | | | | X | | |
| 17 | PC | 664/261(A)(2) | ATTEMPTED RAPE BY FORCE | 1999 | 05-02-01 | X | | | M | | X | | | | | 1 | 0 |
| 18 | PC | 245(A)(1) | ASSAULT W/A DEADLY WEAPON | 1999 | 05-02-01 | X | | | M | | | | | | X | | |
| 20 | PC | 245(A)(1) | ASSAULT W/A DEADLY WEAPON | 1999 | 05-02-01 | X | | | M | | X | | | | | 1 | 0 |
| 22 | HS | 11350(A) | POSSESSION OF COCAINE | 1999 | 05-02-01 | X | | | M | X | | | | | | (2 | 0) |
| 02 | PC | 261(A)(2) | RAPE BY FORCE | 1997 | 05-02-01 | X | | | M | | | | | X | | 6 | 0 |
| | | | | | | | | | | | | | | | T | 15 | 0 |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series) for counts listed on first page.

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL YRS | MOS |
|---|---|---|---|---|---|---|---|---|---|---|
| 11 | PC12022.3(A) | 4 | PC12022.8 | 5 | | | | | 9 | 0 |
| 05 | PC12022.3(A) | 1.4 | | | | | | | 1 | 4 |
| 07 | PC12022.3(A) | 1.4 | | | | | | | 1 | 4 |
| 09 | PC12022.3(A) | 1.4 | | | | | | | 1 | 4 |
| 12 | PC12022.7(A) | S* | | | | | | | | |
| 14 | PC12022.3(A) | S* | | | | | | | | |
| 17 | PC12022.3(A) | S* | | | | | | | | |
| 20 | PC12022.7(A) | 1 | | | | | | | 1 | 0 |
| 02 | PC12022.3(A) | 4 | | | | | | | 4 | 0 |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | 18 | 0 |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTION OR PRISON TERMS (mainly in the PC 667 series).

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |

| 4. TOTAL TIME IMPOSED ON THIS ATTACHMENT PAGE: | | 33 | 0 |
|---|---|---|---|

Form Adopted by the
Judicial Council of California
CR –290-A (Rev. January 1, 1999)

**ABSTRACT OF JUDGMENT – PRISON COMMITMENT
ATTACHMENT PAGE**

687

Penal Code
§§ 1213.5

ABST ~CT OF JUDGMENT – PRISON COMMITM~ ~T
ATTACHMENT PAGE

CR-290-

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: **SAMUEL ORTEGA**

| BB152071 | -A | | -B | | -C | | -D |
|---|---|---|---|---|---|---|---|

1.  Defendant was convicted of the commission of the following felonies:
    This attachment page number: _

| CNT. | CODE | SECTION NO. | CRIME | YEAR CRIM COMMITTED | DATE OF CONVICTION (MO./DATE/YEAR) | CONVICTED BY - JURY | CONVICTED BY - COURT | CONVICTED BY - PLEA | TERM (L, 14, U) | CONCURRENT | CONSECUTIVE 1/3 VIOLENT | CONSECUTIVE 1/3 NON-VIOLENT | CONSECUTIVE FULL TERM | INCOMPLETE SENTENCE | 654 STAY | YRS. | MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 03 | PC | 286( C)(2) | SODOMY BY FORCE | 1997 | 05-02-01 | X | | | M | | | | X | | | 6 | 0 |
| 04 | PC | 261(A)(2) | RAPE BY FORCE | 1997 | 05-02-01 | X | | | M | | | | X | | | 6 | 0 |
| | | | | | - - | | | | | | | | | | | | |
| | | | | | - - | | | | | | | | | | | | |
| | | | | | - - | | | | | | | | | | | | |
| | | | | | - - | | | | | | | | | | | | |
| | | | | | - - | | | | | | | | | | | | |
| | | | | | - - | | | | | | | | | | | | |
| | | | | | - - | | | | | | | | | | | | |
| | | | | | - - | | | | | | | | | | | | |
| | | | | | - - | | | | | | | | | | | | |
| | | | | | - - | | | | | | | | | | | | |
| | | | | | - - | | | | | | | | | | T | 12 | 0 |

2.  ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series) for counts listed on first page.

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL | |
|---|---|---|---|---|---|---|---|---|---|---|
| 03 | PC12022.3(A) | 4 | | | | | | | 4 | 0 |
| 04 | PC12022.3(A) | 4 | | | | | | | 4 | 0 |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | 8 | 0 |

3.  ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTION OR PRISON TERMS (mainly in the PC 667 series).

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |

| 4.  TOTAL TIME IMPOSED ON THIS ATTACHMENT PAGE: | 20 | 0 |
|---|---|---|

Form Adopted by the
Judicial Council of California
CR -290-A (Rev. January 1, 1999)

**ABSTRACT OF JUDGMENT – PRISON COMMITMENT
ATTACHMENT PAGE**

688

Penal Code
§§ 1213.5

| PEOPLE OF THE STATE OF CALIFORNIA vs.<br>DEFENDANT: **SAMUEL ORTEGA** | | | |
|---|---|---|---|
| BB152071 **-A** | **-B** | **-C** | **-D** |

9. FINANCIAL OBLIGATIONS (including any applicable penalty assessments):
  a. RESTITUTION FINE of: $10,000 per PC 1202.4(b) forthwith per PC 2085.5.
  b. RESTITUTION FINE of: $10,000 per PC 1202.45 suspended unless parole is revoked.
  c. RESTITUTION of: $GEN per PC 1202.4(f) to ☐ victim(s)*    ☐ Restitution Fund
    (*List victim name(s) if known and amount breakdown in item 11, below.)
    (1) ☐ Amount to be determined.
    (2) ☐ Interest rate of: __% (not to exceed 10% per PC 1204.4(f)(3)(F)).
  d. ☐ LAB FEE of: $____ for counts: _____ per H&SC 11372.5(a).
  e. ☐ DRUG PROGRAM FEE of $150 per H&SC 11372.7(a).
  f. ☐ FINE of $___ per PC 1202.5.

10. TESTING
  a. ☐ AIDS pursuant to    ☐ PC 1202.1    ☐ other (specify):
  b. ☒ DNA pursuant to    ☐ PC 290.2    ☒ other (specify): PC296

11. Other orders (specify):
  SPANISH INTERPRETER. DISMISSAL CT 21 BY MDA AT THIS TIME. PROBATION DENIED. COURT FINDS CTS 2,3,4 ARE
  SEPARATE ACTS OF VIOLENCE. NO CONTACT W/ VICTIM. **ENH CT 1 - STAYED PUR PC667.61(F). *STAYED PUR PC654.

12. Execution of sentence imposed
  a. ☒ at initial sentencing hearing.
  b. ☐ at resentencing per decision on appeal.
  c. ☐ after revocation of probation.
  d. ☐ at resentencing per recall of commitment. (PC 1170(d).)
  e. ☐ other (specify):

13. CREDIT FOR TIME SERVED

| CASE NUMBER | | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT | |
|---|---|---|---|---|---|
| BB152071 | -A | 662 | 576 | 86 | ☐ 4019<br>☒ 2933.1 |
| | -B | | | | ☐ 4019<br>☐ 2933.1 |
| | -C | | | | ☐ 4019<br>☐ 2933.1 |
| | -D | | | | ☐ 4019<br>☐ 2933.1 |

| DATE SENTENCE PRONOUNCED:<br>07-20-01 | SERVED TIME IN STATE INSTITUTION:<br>☐ DMH | ☒ CDC | ☐ CRC |
|---|---|---|---|

14. The defendant is remanded to the custody of the sheriff ☒ forthwith    ☐ after 48 hours excluding Saturdays, Sundays, and holidays.

  To be delivered to ☒ the reception center designated by the director of the California Department of Corrections.
    ☐ other (specify):

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | | | |
|---|---|---|---|
| VAN HUYNH | | 07-24-01 | 689 |

CR-292 (Rev. January 1, 1999)    ABSTRACT OF JUDGMENT – PRISON COMMITMENT – INDETERMINATE    Page tw

# EXHIBIT 3

Filed 11/22/02 P. v. Ortega CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b). This opinion has not been certified for publication or ordered published for purposes of rule 977.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SAMUEL ORTEGA,<br><br>    Defendant and Appellant. | H023370<br>(Santa Clara County<br>Super. Ct. Nos. B9947307, BB152071) |

A jury convicted defendant Samuel Ortega of multiple sexual offenses, assault with a deadly weapon, attempted kidnapping for rape, and possession of a controlled substance. The convictions involved 20 counts relating to nine different female victims. The trial court sentenced defendant to two consecutive life terms, consecutive to a term of 25 years to life, consecutive to a determinate term of 55 years in state prison. Defendant appeals, contending, among other things, that there was insufficient evidence to support the special circumstance of kidnapping that resulted in the term of 25 years to life imposed pursuant to Penal Code section 667.61.[1]

### A.  INTRODUCTION

The residents and shoppers in and around Latham Street in Mountain View had been terrorized by a series of nighttime assaults on women. Victim 1 was raped in 1997. Eight other women were attacked in 1999. Defendant was arrested on December 23,

---

[1] Hereafter, all undesignated statutory references are to the Penal Code.

1999 following a knife attack on Victim 9 that had occurred in the same general area that day. Mountain View Police Officers Vieyra and Hsiung interrogated defendant at length and asked him about Victim 9 and all the other victims that had been attacked in 1999. Defendant confessed to all of the 1999 attacks. DNA evidence confirmed defendant's connection to the 1997 attack on Victim 1. The prosecutor charged defendant with offenses relating to all nine of the victims. Defendant pled not guilty.

At the beginning of trial the court granted defendant's motion in limine to suppress a large part of his confession. (*Miranda v. Arizona* (1966) 384 U.S. 436.) As a result, the prosecutor chose to go to trial on only the counts relating to Victim 1 and Victim 9. The trial court permitted evidence of an uncharged attack on Victim 8 under Evidence Code section 1101, and noted that if defendant chose to testify, his confession to all of the other attacks would then be admissible to impeach his testimony. The prosecutor made it clear that if the confession was later admitted she would seek to amend the information and add the counts that were severed at the beginning of trial.

Defendant did testify, against the advice of his attorney. On cross-examination and over objection the prosecutor asked defendant about the attacks on all the victims and he denied them all. The prosecution moved to amend the information and during the rebuttal phase presented evidence of the entire confession and of the attacks on all the other victims. The jury convicted defendant on 20 of 22 counts.

## B.  FACTS

### 1.  *The People's Case in Chief*

On March 24, 1997, Victim 1 got off work around 11:20 p.m. and started walking home. When she reached Latham Street someone grabbed her and pulled her about 40 feet into the bushes. She felt a knife to her back. Her assailant told her to get on her knees. When the attacker spoke to her, Victim 1 thought she recognized a Salvadoran accent. The attacker grabbed her vagina and inserted his fingers. Then he put his penis in her vagina, then in her anus, and then again in her vagina, and then ejaculated. Victim

2

1 ran home and told her family what had happened. She was crying and shaking. A police officer responded and Victim 1 was taken to the hospital for an examination. The examination was consistent with forcible rape. DNA samples were taken and preserved. These samples were later determined to have come from the defendant. Victim 1 testified that although at the time of the rape defendant had been wearing a dark sweatshirt with the hood tied tight around his face, she recognized his eyes and his voice and positively identified defendant as the man who had attacked her.

Over two years later, at 5:40 on the morning of December 23, 1999, Victim 8 was walking to work when she was hit on the lower leg by a bicycle. Two workmen were sitting in their trucks in the vicinity of Latham Street at the time. One of the men saw a man on a bicycle hitting a woman who was on foot. The victim screamed and got away when two men ran up. The assailant rode off on his bicycle. One of the workmen later positively identified defendant as the person he saw riding a bicycle in the same area that morning.

Less than an hour later, around 6:20 a.m., Victim 9 left her house to get in her car to go to work. When she opened her car door a man stood up from behind the next car in the parking lot. The man was wearing a jacket with a hood, but when the hood came down Victim 9 recognized defendant-the "Salvadorian" who lived four trailers down from her own. Defendant slashed at her and cut her cheek and throat. The wounds required 50 to 60 stitches to close and Victim 9 continues to have trouble eating and drinking. Later, an investigating officer went to defendant's trailer where he seized defendant's jacket and a bicycle that was parked nearby. Blood on the jacket was determined to have come from Victim 9.

2.    *The Defense Case*

Defendant testified that he did not remember attacking or raping Victim 1 in 1997. He admitted that he knew who Victim 1 was, but he just did not remember whether he ever had sex with her. He said that he had had relations with a lot of women, but not by

3

force. As to the attack on Victim 9 on December 23, 1999, defendant admitted that he might have been there in the parking lot, but that he did not do harm to anyone. He said he had been drinking and doing cocaine and that he was very "messed up" at the time.

On cross examination defendant again responded that he might have had sex with Victim 1, but not by force. The prosecutor asked him about each of the uncharged attacks and he denied them all. Defendant said that he was never hiding any place. "At night I'm at home with my wife." He denied that he waited in the bushes for girls to walk by. He denied carrying a knife in 1999. He said that he had never attacked anyone. "[E]ven less would I do harm to a woman." He testified that he had no need to rape, and that he was not capable of cutting anyone. He denied ever crashing into anyone with his bicycle, and he denied ever telling anyone to take off her clothes. Defendant also claimed that he didn't go out of his house at night.

The prosecutor went on to quote directly from the transcript of defendant's previously suppressed confession, addressing each of the 1999 attacks in turn. In brief, defendant claimed that he did not remember what he had said to the police, and, in parts, flatly denied or contradicted the statements he had made.

### 3.    Rebuttal.

Victim 2 testified that on March 15, 1999 she was walking on Latham Street when a man wearing a mask came out from behind some bushes with a knife. Victim 2 yelled and either fell or was pushed to the ground. In less than a minute, someone came from across the street and the attacker ran away. When defendant was questioned about this incident in December, he said that he had been urinating in a corner and saw the victim approaching. He admitted hitting her.

Later that same night, Martin Gatica was walking in the area of Latham Street and saw a man attack a woman. Gatica testified that the woman was on her knees and the man was grabbing her clothes and had a knife to her chest. Gatica confronted the attacker and the attacker left. The attacker had been wearing a ski mask and Gatica could

not identify him. Defendant later described this incident to the police. He said the victim was the sister of a person who beat him up. He admitted hiding in the bushes, grabbing her as she passed, and holding her down with a knife. Defendant also admitted having told her to take her clothes off. This third victim was never identified.

Victim 4 was out of the country at the time of trial. Her sister-in-law testified as to the incidents pertaining to the attack on her. She said that on April 6, 1999 Victim 4 came to her house, hysterical and out of breath. Victim 4 said that a man wearing a black ski mask came from the bushes on Latham Street carrying a knife, and that he attacked her and threw her to the ground. Victim 4 gave the same story to the police officers that came to investigate. She told them she had defended herself with her shopping bags. There were tears in the shopping bags and in Victim 4's shirt that were consistent with her story. The attack on Victim 4 occurred in the same location as the attack on Victim 2 the month before. In his statement to the police in December, defendant said Victim 4 was someone who had told him "bad things" in the past. He said that he hid in the bushes with a knife and that she fought him off with her shopping bags.

Victim 5 testified that she was visiting this country from Korea. On May 8, 1999 at around 8:35 p.m. she walked down Latham Street and saw a man standing behind a tree. His face was covered with a ski mask and he carried a knife, which Victim 5 described as eight to nine inches long. Victim 5 fled down the street. She screamed and threw the shopping bags she had been carrying over her shoulders as she ran. She felt a knife plunge into her right hip. The attacker ran away. The officer investigating the incident found a little "cropped out" area behind the bushes where the attack occurred. The location where Victim 5 was attacked was the same place Victim 3 had been attacked in April. In his statement to the police in December, defendant described the incident as the one with "the Chinese woman." He said that he hid in the bushes until she walked by, then he jumped, yelled, and swung a knife at her legs. Defendant claimed the

5

knife was a 10-inch knife he had taken from his job at Boston Market. He did not know if he had cut his victim. He said that she tripped and fell.

Defendant was stopped and questioned by a police officer on May 13, 1999 because he resembled an artist's sketch of the person suspected of the Latham Street crimes. There were no attacks in the Latham Street area for six months following this contact.

Then, on November 13, 1999 Victim 6 was walking on a nearby street when a person came from behind her and threw a bicycle on her. Victim 6 was unavailable to testify so the transcript of her testimony at the preliminary hearing was read into the record. She said that the man had grabbed her around the chest and threatened to take out a knife. He took her behind the bushes and told her to take her clothes off. Victim 6 offered him money, but he again told her to take her clothes off. He sat on her thighs and tried to take off her blouse. He put a hand over her mouth and she bit him, he hit her, and she screamed. Someone came along and the attacker ran away. Victim 6 could not identify her assailant because a hood had obscured his face. Defendant described this attack to the police. He said he threw the victim to the ground, ordered her to take her clothes off and described how she was "on all fours." Defendant claimed that if he had wanted to rape Victim 6 he could have done so because "there was time."

Victim 7 testified that on November 20, 1999 she and a friend were looking for a store in Mountain View. They had got off the bus and were walking along looking for the store when Victim 7's friend saw a man approaching quickly. She warned Victim 7, but it was too late. The man grabbed Victim 7 by the hair, put a 10-inch knife to her throat, and forced her into the bushes. He told her to take her clothes off and tried to force her to the ground. Victim 7 screamed. In the struggle, the attacker's hood came loose and when he tried to fix it, Victim 7 pushed him away from her and ran. Her attacker fled. In his December statement to the police, defendant admitted the attack on

6

Victim 7. He said he had threatened Victim 7 with a knife and he admitted telling her to take her clothes off.

### C.    THE OPERATIVE PLEADING AND THE VERDICT

The prosecutor amended the information to conform to proof. The Fourth Amended Consolidated Information included 22 counts:

<u>Victim 1 (3/24/97)</u>:

Count 1-Penetration with a foreign object (§ 289, subd. (a)) with special circumstances pursuant to section 667.61, subdivisions (a) and (e), personal use of a dangerous and deadly weapon (§ 12022.3, subd. (a)) and kidnapping (§ 207));

Count 2-Forcible rape (§ 261, subd. (a)(2)) with special circumstances as alleged in Count 1;

Count 3-Forcible sodomy (§ 286, subd. (c)(2)) with special circumstances as alleged in Count 1;

Count 4-Forcible rape (§ 261, subd. (a)(2)) with special circumstances as alleged in Count 1.

<u>Victim 2 (3/15/99)</u>:

Count 5-Attempted forcible rape (§§ 664, 261, subd. (a)(2)) with an enhancement for use of a dangerous and deadly weapon (§ 12022.3, subd. (a));

Count 6-Assault with a deadly weapon (§ 245, subd. (a)(1)).

<u>Victim 3 (3/15/99)</u>:

Count 7-Attempted forcible rape (§§ 664, 261, subd. (a)(2)) with an enhancement for use of a dangerous and deadly weapon (§ 12022.3, subd. (a));

Count 8-Assault with a deadly weapon (§ 245, subd. (a)(1)).

<u>Victim 4 (4/6/99)</u>:

Count 9-Attempted forcible rape (§§ 664, 261, subd. (a)(2)) with an enhancement for use of a dangerous and deadly weapon (§ 12022.3, subd. (a));

Count 10-Assault with a deadly weapon (§ 245, subd. (a)(1)).

<u>Victim 5 (5/8/99):</u>

Count 11-Attempted forcible rape (§§ 664, 261, subd. (a)(2)) with an enhancement for use of a dangerous and deadly weapon (§ 12022.3, subd. (a));

Count 12-Attempted murder (§§ 664, subd. (a), 187).

<u>Victim 6 (11/13/99):</u>

Count 13-Kidnapping for rape (§ 209, subd. (b)) with an enhancement for use of a dangerous and deadly weapon (§ 12022, subd. (b)(1));

Count 14-Attempted forcible rape (§§ 664, 261, subd. (a)(2)) with an enhancement for use of a dangerous and deadly weapon (§ 12022.3, subd. (a));

Count 15-Assault with a deadly weapon (§ 245, subd. (a)(1)).

<u>Victim 7 (11/20/99):</u>

Count 16-Kidnapping for rape (§ 209, subd. (b)) with an enhancement for use of a dangerous and deadly weapon (§ 12022, subd. (b)(1));

Count 17-Attempted forcible rape (§§ 664, 261, subd. (a)(2)) with an enhancement for use of a dangerous and deadly weapon (§ 12022.3, subd. (a));

Count 18-Assault with a deadly weapon (§ 245, subd. (a)(1)).

<u>Victim 8 (12/23/99):</u>

Count 19-Attempted forcible rape (§§ 664, 261, subd. (a)(2)).

<u>Victim 9 (12/23/99):</u>

Count 20-Attempted premeditated murder (§§ 664, subd. (a), 187, 189);

Count 21-Attempted forcible rape (§§ 664, 261, subd. (a)(2)) with an enhancement for use of a dangerous and deadly weapon (§ 12022.3, subd. (a)).

<u>Other:</u>

Count 22-Possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)).

The jury convicted defendant on all counts and found true all enhancements and special circumstances alleged with the following exceptions. The jury found defendant

8

not guilty of the attempted murder of Victims 5 and 9 but did find him guilty of the lesser included offense of assault with a deadly weapon (Counts 12 and 20). The jury found defendant not guilty of attempted forcible rape of Victim 8 (Count 19) and could not reach a verdict on the attempted forcible rape of Victim 9 (Count 21). A mistrial was declared as to the latter and the prosecution dismissed that count.

The trial court sentenced defendant on Counts 1 through 4 pursuant to section 667.6, subdivision (c) and sentenced him on all other counts pursuant to section 1170.1. Defendant received consecutive life terms on Counts 13 and 16 (kidnapping for rape) and a consecutive term of 25 years to life for Count 1 (penetration with a foreign object). Defendant also received an aggregate, consecutive term of 55 years on the remaining counts and enhancements.

## D.     ISSUES

Defendant raises the following issues on appeal:

1.     Did the trial court abuse its discretion under Evidence Code section 352 in admitting evidence of the attacks on Victim 2, Victim 4 and Victim 5?

2.     Was the evidence sufficient to support a finding that defendant had the specific intent to rape Victim 2, Victim 4, and Victim 5?

3.     Where there is insufficient evidence under the applicable standard to support the jury's finding that defendant committed the simple kidnapping of Victim 1 (§ 207), may we instead consider the finding a de facto determination that defendant had committed kidnapping for rape? (§ 209, subd. (b).)

4.     Defendant points out that abstract of judgment incorrectly indicates that he was sentenced to three terms of life without the possibility of parole rather than two indeterminate life terms for Counts 13 and 16, and one indeterminate term of 25 years to life on Count 1, all with the possibility of parole. In addition, the abstract of judgment

9

refers to the Count 13 offense as having occurred in 1997 when the correct date is 1999. The People concede these mistakes. [2]

### E.   DISCUSSION

*1.     Admissibility of the Evidence of Attacks on Victims 2, 4, and 5.*

Defendant was convicted of the attempted forcible rape of Victims 2 through 7. The charges relating to all the victims other than Victim 1 and Victim 9 were severed from the case when the trial began.  When defendant chose to testify, his statements pertaining to the uncharged acts became admissible to the extent they were inconsistent with his trial testimony or otherwise constituted impeachment. (See *Harris v. New York* (1971) 401 U.S. 222; *People v. May* (1988) 44 Cal.3d. 309.)  If admissible as prior inconsistent statements, the statements would also be admissible as substantive evidence of the crimes they revealed. (Evid. Code, § 1235.)  Defendant does not disagree with this analysis, nor does he challenge the admissibility of evidence of the attacks on Victims 3, 6, or 7.  He contends only that since the attacks on Victims 2, 4, and 5 did not have a sexual component (such as grabbing at their clothes or telling them to take their clothes off), evidence of these attacks was not probative of the only issue upon which he could be impeached, i.e., his intent to rape Victim 1 or Victim 9.  Defendant argues that the probative value of the evidence of these attacks was at the most "very slight," so that the trial court abused its discretion in permitting the evidence as impeachment.  The People contend that the evidence was properly admitted to impeach defendant's testimony at trial as allowed by California Constitution, article I, section 28, subdivision (d) and *People v. Wheeler* (1992) 4 Cal.4th 284, 296 (*Wheeler*).

---

[2] Defendant also argues that as to Counts 12 and 20 the jury was incorrectly permitted to make a special finding that defendant had personally used a dangerous and deadly weapon. (§ 12022, subd. (b)(1).)  Since these findings had no effect on the judgment, we do not address this issue. (See § 1237.)

According to defendant, at the point at which he completed his testimony on direct examination his identity as the assailant of Victim 1 and Victim 9 had been established. DNA evidence identified him as the perpetrator of the rape of Victim 1. Victim 9 positively identified him because she knew him. Defendant argues that since his identity had been established, the only issue for which any of the uncharged conduct was relevant was the issue of whether he had the intent to rape either of these victims. In our view, the acceptable scope of impeaching evidence was not so circumscribed.

In order to constitute impeachment, the evidence does not necessarily have to controvert defendant's testimony on any one discreet issue. The jury is permitted to consider "any matter that has any tendency in reason to prove or disprove the truthfulness of [the witness's] testimony at the hearing." (Evid. Code, § 780.) That is, the prosecutor was entitled to put on evidence from which a jury might conclude that defendant was not to be believed. Therefore, so long as defendant's testimony raised a factual dispute over any of the elements of the charged offenses, his credibility was subject to attack.

Defendant did dispute the crimes that were charged. He admitted on direct examination that he might have had sex with Victim 1 but that he did not have sex by force. Therefore, he implied that if intercourse occurred, Victim 1 had consented to it. He flatly denied doing harm to Victim 9. He also testified that he was very "messed up" on alcohol and cocaine at the time of that attack, suggesting that he was incapable of forming the specific intent necessary to the attempted rape and murder charges. Therefore, even if we presume that the prosecution had conclusively established that defendant was the person who had intercourse with Victim 1, and that he was the person who cut Victim 9, defendant's credibility was nevertheless a fact in issue.

The attacks on Victims 2, 4, and 5 demonstrated immoral conduct. Evidence of such conduct is relevant to the issue of credibility and admissible, subject only to the court's discretion under Evidence Code section 352. (*Wheeler, supra*, 4 Cal.4th 284; and see Cal. Const., art. I, § 28, subd. (d).) *Wheeler* counsels that the offer of evidence of

11

immoral conduct for impeachment (as opposed to evidence of a felony conviction) often entails problems of proof and unfair surprise and evaluation of moral turpitude. "Hence, courts may and should consider with particular care whether the admission of such evidence might involve undue time, confusion, or prejudice which outweighs its probative value." (*Wheeler, supra,* 4 Cal.4th at pp. 296-297.) The trial court enjoys broad discretion in determining whether the probative value of evidence is outweighed by concerns of undue prejudice, confusion or consumption of time. (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124.) "Where, as here, a discretionary power is statutorily vested in the trial court, its exercise of that discretion 'must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice. [Citations.]' (*People v. Jordan* (1986) 42 Cal.3d 308, 316.)" (*Id.* at pp. 1124-1125.) Keeping these rules in mind, we find no abuse of discretion.

When a felony conviction is offered for impeachment, the problems of proof, unfair surprise, and evaluation of moral turpitude are minimal because the conviction itself reliably proves the conduct, a party is unlikely to be surprised by the use of his or her own felony conviction, and the court determines moral turpitude from the " 'least adjudicated elements' " of the offense for which the witness was convicted. (*Wheeler, supra,* 4 Cal.4th at p. 297, fn. 7.) In this case, even without a felony conviction those problems were also minimal. The conduct was of the type that indisputably shows defendant's general readiness to do evil. (See *Gertz v. Fitchburg Railroad* (1884) 137 Mass. 77, 78; *People v. Castro* (1985) 38 Cal.3d 301, 314.) Even without evidence of sexual intent, the attacks on Victims 2, 4, and 5 substantively constituted the crime of assault with a deadly weapon, which has been determined to be a crime of moral turpitude. (*People v. Cavazos* (1985) 172 Cal.App.3d 589, 595.) "The average person walking down the street would believe that anyone who unlawfully attempts to injure another with a deadly weapon is guilty of some degree of moral laxity." (*Ibid.*)

Defendant's having jumped out of the bushes and attacked these women with a knife plainly demonstrates moral laxity. Proof of the acts was made by defendant's own confession, not solely on the allegations of the third parties. And there was no possibility of surprise because defendant was warned before trial began and before he actually took the stand that the prosecutor intended to use this evidence to prove that he was not telling the truth.

In addition to its relevance as impeachment, generally, the evidence directly contradicted defendant's testimony. The evidence tended to show defendant's planning and preparation as to both the sexual offenses and to the charge of attempted premeditated murder. As to the evidence of the attack on Victim 2, defendant told the police officers that he had seen her coming down the street so he hid and then he hit her. Defendant admitted that he hid in the bushes waiting for Victim 4, and that he threw her to the ground and tried to stab her with a kitchen knife. Defendant also admitted lying in wait for Victim 5 and when she walked by he jumped out in front of her and yelled and swung a knife at her. In short, the evidence was that on these three occasions defendant hid himself to surprise his victims and threatened them all with a knife. From that evidence a jury could reasonably conclude that he did the same thing in connection with his encounter with Victim 1 and that as to her, the encounter was not consensual as defendant suggested it must have been. A jury could also reasonably infer from evidence of these three attacks that defendant was also lying in wait for Victim 9, planning the attack rather than to believe, as defendant implied, that if he did cut her it was the result of his inebriated condition.

In sum, we cannot say that the trial court's decision to admit this evidence was arbitrary, capricious, or patently absurd. There was no abuse of discretion.

2.    *Sufficiency of the Evidence - Intent to Rape Victims 2, 4, and 5.*

Defendant argues that the convictions of attempted rape as to Victims 2, 4, and 5 must be reversed because, although there is substantial evidence that these women were

13

attacked, there is insufficient evidence that defendant harbored the specific intent to commit rape when he attacked them. The Attorney General argues that the evidence of circumstances surrounding the crimes is sufficient to support an inference that defendant intended to rape.

In order to support a conviction for attempted rape there must be substantial evidence that defendant specifically intended to engage in sexual intercourse with the victim. (*People v. Marshall* (1997) 15 Cal.4th 1, 36; *People v. Dillon* (1983) 34 Cal.3d 441, 452-453.) "Specific intent may be, and usually must be, inferred from circumstantial evidence." (*People v. Cole* (1985) 165 Cal.App.3d 41, 48.) In order to base a conviction upon circumstantial evidence, the jury must find that the facts and circumstances are not only entirely consistent with the theory of guilt but are also inconsistent with any other reasonable conclusion. (*Ibid.*) But this rule only applies to the fact finder. If the jury, by its verdict rejects the reasonableness of any conclusion pointing to innocence, and there is evidence to support the implied finding that guilt is the more reasonable of the two conclusions, then the reviewing court is bound by the finding of the jury. (*Ibid.*) Therefore, whether the evidence is direct or circumstantial, the relevant inquiry is the same. We view the record as a whole, in the light most favorable to the judgment. (*People v. Johnson* (1980) 26 Cal.3d 557, 576-578.) We accept any reasonable interpretation of the evidence that supports the judgment so long as it is evidence of ponderable legal significance, reasonable in nature, credible, and of solid value. (See *People v. Johnson, supra*, 26 Cal.3d at p. 576; *People v. Holt* (1997) 15 Cal.4th 619, 668-669.) Unless it clearly appears that "upon no hypothesis whatever is there sufficient substantial evidence to support it" we cannot set aside the judgment. (*People v. Redmond* (1969) 71 Cal.2d 745, 755.)

Evidence of prior acts of misconduct is probative of a person's intent on another occasion. The more similar the other acts are to the act being analyzed, the greater their probative value will be. The reasoning stems from an intuitive understanding that if

14

something happened for a particular reason on one or more separate occasions, it is likely that it happened for the same reason on the occasion being analyzed. (See *People v. Robbins* (1988) 45 Cal.3d 867, 879-880, citing 2 Wigmore, Evidence (Chadbourn rev. 1979) § 302, at p. 241; see also *People v. Carpenter* (1997) 15 Cal.4th 312, 379.) The rationale for admitting prior acts to show intent applies equally to acts occurring before or after or around the same time as the occasion in issue.

Here we have not just one or two similar acts from which to infer defendant's intent on the three occasions he challenges. We have one rape (Victim 1) and three attempted rapes (Victims 3, 6, and 7) that were carried out in a fashion that was nearly identical to the manner in which defendant commenced the attacks on Victims 2, 4, and 5. Defendant raped Victim 1 in 1997 by jumping out at her from behind the bushes. He threatened her with a knife, pulled her to a secluded area, forced her to her hands and knees, and raped her from behind. Every other attack began in almost exactly the same way. Defendant leapt from the bushes surprising his victim; he hid his face, and he threatened her with a knife. He never robbed the victim or snatched purses or parcels. In four of the seven convictions for rape or attempted rape, after defendant had overpowered his victim, he told her to take her clothes off, grabbed her, or on the one occasion he actually accomplished the rape. In each of the three cases defendant challenges the assault was fortuitously aborted by a passerby or by the victim's vigorous resistance. Victim 2 said that a man came by within about 30 seconds of the attack. Victim 4 screamed and defended herself with her shopping bags. Victim 5 screamed and ran away, throwing everything she was carrying over her shoulders at her assailant. Thus, in none of these three cases did defendant ever overpower the victim and so did not have the opportunity, as he did in the other four cases, to proceed with his intended course of action.

*Walters v. Maass* (9th Cir. 1995) 45 F.3d 1355 (*Maass*), upon which defendant relies, is not applicable here. In *Maass*, the defendant was convicted of attempted rape

and attempted kidnapping based upon evidence that he approached a teenage girl and asked her to get in his truck to help him find a lost German Shepard dog. Defendant's intent was inferred from his prior conviction for kidnapping and rape in which he had used exactly the same modus operandi. The Ninth Circuit determined that "[c]ertainly Walters' intent is manifested by (1) evidence regarding his use of the German shepherd ruse in 1981 to kidnap, rape, and sodomize another thirteen-year old girl, (2) his persistent attempts to lure the victim into his truck using the same ruse, (3) his actions in following the victim home, (4) his strange speech patterns when he talked to the victim's mother, and (5) his statements to the police officer." (*Id.* at p. 1359.) The court determined, however, that under the Oregon law of attempt, the defendant's attempt to entice the victim into his truck did not constitute a substantial step toward the commission of the crime of rape. (*Id.* at p. 1360.) The issue here is not whether defendant's conduct was sufficient to constitute an attempt, but simply whether there is sufficient evidence to support a finding that defendant harbored the specific intent to commit rape. Even the *Maass* court felt that the single prior conviction was evidence of intent.

The evidence of defendant's intent as to Victim 2 is further supported by the fact that later on the same night he attacked Victim 2 he also attacked Victim 3. In his second attack of the night defendant was able to take his victim to a secluded place behind the bushes and get her on her hands and knees on the ground before a passerby interrupted the attack. The Victim 3 attack also provides support for a finding that defendant intended to rape Victim 5 because he attacked Victim 5 from the very same cropped out place in the bushes where he was seen attacking Victim 3.

Defendant's confession provides additional support for the conclusion that he intended to rape Victims 2, 4, and 5. In his interview with officers Vieyra and Hsiung, defendant independently raised the issue of rape more than once. As to Victim 9, defendant said: "Um-hum, I went over there by myself; but, no, but, no . . . because they

16

think I wanted to rape her, that's what they say. But, no, why would I. I have a lot of girlfriends, too, I have a lot of girlfriends, so I have no need to be doing that." In reference to the attack on Victim 8, defendant said: "Yes. No, well, I . . . like I tell you, I did. . . . I mean, I do accept, but what I don't like is that, I mean, that they're going to say that [it was] for the purpose of raping them." Officer Vieyra said: "No?" To which defendant responded, "Me, for the purpose of raping a woman, not me. That's why I have a big mouth, to speak up." Defendant's unprompted references to rape could reasonably be construed as demonstrating a general consciousness of guilt in that regard.

The foregoing is sufficient evidence from which a jury could reasonably have drawn the inference that defendant intended to rape Victim 2, Victim 4, and Victim 5.

3.     *The Kidnapping Special Circumstance (Counts 1-4).*

Section 667.61 sets forth a harsher sentencing scheme for certain sex crimes perpetrated by force, including each of the offenses alleged in Counts 1 through 4. Subdivision (a) of section 667.61 provides: "A person who is convicted of [a specified offense] under one or more of the circumstances specified in subdivision (d) or under two or more of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for life and shall not be eligible for release on parole for 25 years except as provided in subdivision (j)." Subdivision (b) reduces the sentence to 15 years to life if only one of the circumstances specified in subdivision (e) is found true. Among the circumstances specified in subdivision (e) are kidnapping in violation of section 207, 209, or 209.5, and use of a dangerous or deadly weapon or firearm in violation of section 12022, 12022.3, 12022.5, or 12022.53.

Counts 1 through 4 concerned the 1997 attack on Victim 1. As to each of these counts the prosecution alleged two special circumstances: use of a dangerous or deadly weapon (§ 12022.3, subd. (a)) and simple kidnapping (§ 207). The trial court imposed the indeterminate term of 25 years to life for Count 1 based upon the jury's having found both these circumstances to be true. Defendant argues that there is insufficient evidence

17

to support the jury's finding that he kidnapped Victim 1 under the applicable test for simple kidnapping. Since there is evidence to support only one of the alleged special circumstances, defendant claims his sentence on this count should be reduced to 15 years to life pursuant to section 667.61, subdivision (b).

*People v. Caudillo* (1978) 21 Cal.3d 562 (*Caudillo*) stated the former rule for simple kidnapping (§ 207). Under *Caudillo*, the sufficiency of the evidence to support the element of asportation depended upon the distance the victim was moved. (*Caudillo, supra*, 21 Cal.3d at p. 574.) Asportation of 75 feet or 90 feet was insufficient as a matter of law to support a conviction for simple kidnapping. (*People v. Brown* (1974) 11 Cal.3d 784, 789; *People v. Green* (1980) 27 Cal.3d 1, 67.) *People v. Martinez* (1999) 20 Cal.4th 225 (*Martinez*) overturned *Caudillo*. Now the trier of fact may consider factors such as whether the movement increased the risk of harm and vulnerability of the victim, in addition to the distance the victim was moved. (*Id.* at p. 235.) Because *Martinez* was an enlargement of the kidnapping statute, the new rule was not retroactive. (*Id.* at p. 241.) The attack on Victim 1 occurred in 1997, so *Martinez* does not apply. Since defendant dragged Victim 1 only 35 to 40 feet into the bushes, there is insufficient evidence under *Caudillo* to support a finding that defendant had committed a simple kidnapping in violation of section 207.

The Attorney General concedes that there is insufficient evidence to support a finding of simple kidnapping of Victim 1 but argues that the jury's finding that defendant had kidnapped her coupled with its guilty verdict on the substantive sexual offenses, constitutes a de facto finding that defendant had kidnapped Victim 1 for the purpose of committing a sexual offense (§ 209, subd. (b)(1)). Section 209 is another of the special circumstances specified by section 667.61.[3] Therefore, if the jury effectively found

---

[3] Defendant counters that the People's position is contrary to the recent decision in *People v. Mancebo* (2002) 27 Cal.4th 735 (*Mancebo*). We do not find *Mancebo* to be (continued)

defendant guilty of violating section 209, his sentence of 25 years to life may stand. We are not persuaded.

*People v. Jones* (1999) 75 Cal.App.4th 616 (*Jones*), upon which the Attorney General relies, is distinguishable. In *Jones*, the jury found the defendant guilty of kidnapping during the commission of a carjacking. (§ 209.5.) On appeal, the parties agreed that there was insufficient evidence to support the conviction because the offense of kidnapping during the commission of a carjacking requires a completed carjacking and no completed carjacking had taken place. (*Jones, supra*, 75 Cal.App.4th at p. 624.) The appellate court determined, however, that the jury's findings supported the lesser-included offense of attempted carjacking. (*Id.* at pp. 627-628.) The trial court had instructed the jury, in connection with the original charge, that the " 'specific intent to facilitate the commission of carjacking must be present when the kidnapping commences.' " (*Id.* at p. 627.) The court had also instructed the jury " 'it is not necessary to establish that this purpose was accomplished. The crime is complete if the kidnapping is done for that purpose.' " (*Id.* at p. 628.) Although the appellate court presumed this latter instruction was incorrect insofar as it applied to the kidnapping for carjacking offense, since the jury was so instructed and returned a guilty verdict, the jury effectively found a direct but ineffectual act done towards the commission of the carjacking, i.e., the forcible moving of the victim with the intent to carjack. (*Ibid.*)

---

entirely on point. In *Mancebo*, the jury had convicted the defendant of sex offenses against two victims and found true two special circumstances as to each victim. After conviction, the trial court substituted a multiple victim special circumstance (§ 667.61, subd. (e)(5)), which had not been pleaded, for the gun-use circumstance that had appeared in the pleading. The court then used the gun-use finding to further enhance the sentence under another code section. (*Mancebo, supra*, 27 Cal.4th at p. 740.) The primary basis for reversal was that the defendant had no notice that the facts alleged in the information would be used to provide an even harsher sentence than that which appeared from the pleading. (*Id.* at p. 753.) Notice is not an issue that is before us in this case.

Therefore, by convicting the defendant of kidnapping during the commission of carjacking under the instructions it was given, the jury determined both the elements required to prove attempted carjacking: (1) the specific intent to facilitate the commission of carjacking and (2) a direct act done towards the commission of the offense. (*Ibid.*)

The same is not true here. Defendant was charged in Counts 13 and 16 with the substantive crime of kidnapping to commit rape. (§ 209, subd. (b)(1).) In connection with those counts, the court instructed the jury in the language of CALJIC No. 9.54 (1998 Revision). Among other things, the jury was told that it must determine: "[T]he movement of that person was caused with the specific intent to commit rape, and the person causing the movement had the required specific intent when the movement commenced." But this instruction applied only to Counts 13 and 16. A similar instruction would have to have been given in connection with Counts 1 through 4 in order for the jury to have made findings sufficient to support an allegation that the kidnapping of Victim 1 was undertaken with the requisite specific intent. No such instructions were given.

As to the substantive crime of Count 1, penetration, the jury was informed that proof of the crime required proof that "[t]he penetration was done with the purpose and specific intent to cause sexual arousal, gratification, or abuse." No specific intent is required for the rape or sodomy counts. As to the simple kidnapping special circumstance, the trial court instructed the jury that in order to prove that allegation "the following elements must be proved: [¶] 1. A person was moved by the use of physical force, or by any other means of instilling fear; [¶] 2. the movement of the other person was without her consent; and [¶] 3. The movement of the other person in distance was substantial in character." Therefore, in finding that defendant had kidnapped Victim 1, the jury did not also find that defendant did so with the specific intent to commit the

specified sexual offense because, unlike the jury in *Jones*, the jury was never asked to decide that fact.

There is insufficient evidence to support the finding of kidnapping in connection with Counts 1 through 4. Defendant does not challenge the true finding relating to his use of a knife. Therefore, since there is sufficient evidence to support only one special circumstance, the applicable sentencing provision requires that defendant's sentence on Count 1 be reduced to 15 years to life. (§ 667.61, subd. (b).) [4] Our decision does not affect the sentences imposed on Counts 2 through 4. (§ 667.61, subd. (g).)

### F.    DISPOSITION

We hereby strike the Penal Code section 667.61, subdivision (a) enhancement imposed in connection with Count 1 and impose in its place an enhancement pursuant to Penal Code section 667.61, subdivision (b), thereby reducing defendant's sentence on Count 1 to 15 years to life. The superior court is ordered to prepare an amended abstract of judgment incorporating the above changes. As so modified, the judgment is affirmed. We remind the court to insure that the amended abstract correctly reflects that all three life sentences imposed in this case include the possibility of parole and that the Count 13 offense took place in 1999. The superior court shall forward a copy of the amended abstract to the Department of Corrections.

---

[4] Because we have determined that there is insufficient evidence to support the finding of kidnapping as to Counts 1 through 4, we do not reach defendant's alternative argument relating to instructional error.

_____
                    Premo, Acting P.J.


WE CONCUR:


_____
        Elia, J.


_____
        Rushing, J.


22