# EXHIBIT 9



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

F I L E D

OCT 2 4 2005

Court of Appeal Sixth App. Dist.

By_____ DEPUTY

In re SAMUEL ORTEGA,

on Habeas Corpus.

H029326
(Santa Clara County
 Super. Ct. Nos. B9947307,
 BB152071)

BY THE COURT:

The petition for writ of habeas corpus is denied.

(Premo, Acting P.J., Elia, J., and Mihara, J., participated in this decision.)

Dated ____OCT 2 4 2005____        _____ Acting P.J.

## AFFIDAVIT OF TRANSMITTAL

I am a citizen of the United States, over 18 years of age, and not a party to the within action: that my business address is 333 West Santa Clara Street, Suite 1060, San Jose, CA 95113; that I served a copy of the attached material in envelopes addressed to those persons noted below.

That said envelopes were sealed and shipping fees fully paid thereon, and thereafter were sent as indicated via the U.S. Postal System from San Jose, CA 95113.

I certify under penalty of perjury that the foregoing is true and correct.

Michael J. Yerly, Clerk of the Court

_____          OCT 2 4 2005
Deputy Clerk                              _____
                                          Date

CASE NUMBER: H029326

Office of the County Clerk                Material Sent YES: _____
Santa Clara County Superior Court
191 North First Street
San Jose, CA 95113

Samuel Ortega                             Material Sent YES: _____
T-24740
Mule Creek State Prison
P.O. Box 409020
Ione, CA 95640

Office of the Attorney General            Material Sent YES: _____
455 Golden Gate Avenue
Room 11,000
San Francisco, CA 94102

# EXHIBIT 10

MC-275

Name SAMUEL ORTEGA

Address MULE CREEK STATE PRISON #A1-140-U.

P.O. BOX 409020.

IONE, CA. 95640.

**S138528**

CDC or ID Number #T-24740.

**ORIGINAL**

SUPREME COURT
**FILED**

NOV 02 2005

Frederick K. Ohlrich Clerk

DEPUTY

CALIFORNIA SUPREME COURT

_____
(Court)

PETITION FOR WRIT OF HABEAS CORPUS

SAMUEL ORTEGA,
Petitioner

.vs.

ROSEANNE CAMPBELL, et al.,
Respondents.

No. _____

*(To be supplied by the Clerk of the Court)*

**RECEIVED**

NOV 2 – 2005

CLERK SUPREME COURT

## INSTRUCTIONS — READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

American LegalNet, Inc.
www.USCourtForms.com

**This petition concerns:**

☒ A conviction          ☐ Parole

☒ A sentence            ☐ Credits

☐ Jail or prison conditions    ☐ Prison discipline

☒ Other (specify): 1 ST, 5TH, 6TH, 8TH, AND 14TH AMENDMENTS' VIOLATIONS

1. Your name: SAMUEL ORTEGA

2. Where are you incarcerated? MULE CREEK STATE PRISON, IONE, CA. 95640.

3. Why are you in custody? · ☒ Criminal Conviction    ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

P.C. 667. 61 (a)(e), 207, 12022.3, 12022.8, 12022 (b)(1), 12022. 7. (a), 209 (b).

b. Penal or other code sections: _____

c. Name and location of sentencing or committing court: Superior Court of California, Santa Clara, # 190 West Hedding, San Jose, CA. 95113-1090.

d. Case number: B9947307/BB152071.

e. Date convicted or committed: 5/2/01.

f. Date sentenced: 7/20/01.

g. Length of sentence: life consecutive to life consecutive to 25 yrs to life consecutive to 55 yrs.

h. When do you expect to be released? _____

i. Were you represented by counsel in the trial court? ☒ Yes. ☐ No. If yes, state the attorney's name and address:

J. J. KAPP, Attorney At Law, # 270 Grant Avenue, Palo Alto, CA. 94307.

4. What was the LAST plea you entered? *(check one)*

☒ Not guilty  ☐ Guilty  ☐ Nolo Contendere  ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

☒ Jury  ☐ Judge without a jury  ☐ Submitted on transcript  ☐ Awaiting trial

6. **GROUNDS FOR RELIEF**

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

_____

_____

_____

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

Petitioner, SAMUEL ORTEGA, is a state prisoner under the custody of Warden, Roseanne Campbell, at Mule Creek State Prison, Ione, CA.; pursuant to a judgment of conviction rendered by the Superior Court of Santa Clara County in matter: B9947307/88152071. Petitioner hereby petitions this Court for a writ of habeas corpus, an evidentiary hearing, and an Order To Show Cause on respondents. By, and through this verified petition, the petitioner humbly, and so very respectfully brings to this Court's attention that the California Superior Court-Santa Clara County, on 9-1-05, made "an unreasonable decision, contrary to clearly established law," in denying petitioner's petition for writ of

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

_____

_____

_____

7. Ground 2 or Ground _____ (if applicable):

a. Supporting facts:

habeas corpus, # BB152071, (See: Exhibit-A, att.), in violation of petitioner's Due Process and Equal Protective Clauses guaranteed and secured under the 5th and 14th Amendments to the United States Constitution, amounting to a violation of all of petitioner's constitutional-claims. The Court has jurisdiction pursuant to Penal Code sections §§§1473, 1474, and 1484; and art. I, § 9, cl. 2, U.S. Const., art. I, § 11; and art. VI, § 10 of Cal. Const. This Court has authority to review the constitutional-claims raised herein under In re Harris, (1993), 21 Cal. Rptr. 2d 373; the free standing actual innocence-clause under Herrera v. Collins, (1993), 113 S.Ct. 853; the miscarriage of justice gateway that was established under Schlup v. Delo, (1995), 115 S.Ct. 851....
(See: Additional pages with facts.)

b. Supporting cases, rules, or other authority:

8. Did you appeal from the conviction, sentence, or commitment?  ☒ Yes.  ☐ No.    If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

California Court of Appeal - Sixth Appellate District Court.

b. Result: _DENIED._    c. Date of decision: 11-22-02.

d. Case number or citation of opinion, if known: H-023370.

e. Issues raised: (1) Lack of evidence as to counts 5, 9, and 11; Improperly

(2) Admitted Evidence as to counts 5, 6, 9, 10, 11, and 12; finding

(3) of Knife use as to counts 12 and 20 must be reversed; and

special circumstance Kidnapping as to counts 1-4 was insufficient

f. Were you represented by counsel on appeal?  ☒ Yes.  ☐ No.   If yes, state the attorney's name and address, if known:

Charles M. Bonneau #980 Ninth Street, Ste: 1400, Sacramento, CA. 95814.

9. Did you seek review in the California Supreme Court?  ☒ Yes.  ☐ No.    If yes, give the following information:

a. Result: _DENIED_    b. Date of decision: 1-29-03.

c. Case number or citation of opinion, if known: _____

d. Issues raised: (1)  SIMILAR.

(2) _____

(3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

Petitioner received ineffective assistance of trial and appellate counsels in violation of the 6th and 14th Amendments to the United States Constitution.

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

N/A.

_____

_____

_____

_____

_____

_____

b. Did you seek the highest level of administrative review available?  ☐ Yes.  ☐ No.

Attach documents that show you have exhausted your administrative remedies.

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court?  ☒ Yes. If yes, continue with number 13.  ☐ No. If no, skip to number 15.

13. a. (1) Name of court: SUPERIOR COURT - SANTA CLARA COUNTY.

   (2) Nature of proceeding (for example, "habeas corpus petition"): HABEAS CORPUS PETITION

   (3) Issues raised: (a) INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSELS, ETC.

   (b) 

   (4) Result (Attach order or explain why unavailable): DENIED (EXHIBIT-A)

   (5) Date of decision: 9-2-05

   b. (1) Name of court: CALIFORNIA COURT OF APPEAL

   (2) Nature of proceeding: HABEAS PETITION

   (3) Issues raised: (a) INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSELS, ETC.

   (b) 

   (4) Result (Attach order or explain why unavailable): DENIED (EXHIBIT-D.)

   (5) Date of decision: 

   c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

   NONE

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)
   PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSELS, AND WAS DEPRIVED OF HIS DOCUMENTS BY CDC.

16. Are you presently represented by counsel?  ☒ Yes.  ☐ No. If yes, state the attorney's name and address, if known:
   A JAIL HOUSE LAWYER DUE TO THAT I AM A LAYMAN AND DO NOT SPEAK ENGLISH.

17. Do you have any petition, appeal, or other matter pending in any court?  ☐ Yes.  ☒ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

   THIS IS THE PROPER FORUM.

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 10-28-05.                                    Edward Ortega
                                                   (SIGNATURE OF PETITIONER)

MC-275 (Rev. January 1, 1999)          PETITION FOR WRIT OF HABEAS CORPUS                    Page six of six

## Additional Pages/Facts:

gateway that was established under Schlup v. Delo, (1995), 115 S.Ct. 851; and to issue a writ to ensure that the miscarriages within its reach are surfaced, and corrected. (Harris v. Nelsen, (1969), 89 S.Ct. 1082, 1086, 22 L.Ed. 2d 218.) A prima facie case for relief is required in the deter-mination for an Order To Show Cause to issue, (In re Visciotti, (1996), 14 Cal. 4th 325, 334, 58 Cal. Rptr. 2d 801), and a habeas petitioner bears the burden of proof upon which relief may be granted. (In re Hochberg, (1970), 2 Cal. .3d 870, 876, fn. 4, 87 Cal. Rptr. 681.) Petitioner also is aware of the "AEDPA" court dead line, and hereby, for future reference, invokes that he is entitled to "tolling" due to the fact that prison officials deprived petitioner of his transcripts by returning them back. Equitable tolling therefore is warranted in this case because; "[a]n inmate proceeding pro se cannot reasonably be expected to timely pre-pare and file a habeas corpus petition without access to his legal files." (Spitsyn v. Moore, 345 F.3d 796, 799, at p. 801, Id.), (9th Cir. 2003). Thus, "equitable tolling may be appropriate where a prisoner ha[s] been denied access to his legal files." Id. (see also: Lott v. Mueller, 304 F.3d 918,

—1—

924-25, (9th Cir. 2002)) A habeas petitioner is so
entitled to equitable tolling, "if extraordinary
circumstances beyond a prisoner's control
make it impossible to file a petition on
time", (Miles v. Prunty, 187 F.3d 1104, 1107, (9th
Cir. 1999).), in violation of his 5th & 14th Amend. to U.S. Const.
Petitioner hereby very respectfully petitions for
justice to be served, for the following relief:

A). Grant the enclosed petition for writ of
habeas corpus;

B). Hold an evidentiary hearing in accord-
-ance to the law. (Rose v. Superior Court,
96 Cal. Rptr. 2d 843, (Cal. App. 2 Dist. 2000);
In re Vargas, 100 Cal. Rptr. 2d 265, (Cal. App.
2d Dist. 2000).)

(See: Exhibit-B, attached.)

I.

## GENERAL LAW AS TO INEFFECTIVE ASSISTANCE OF COUNSEL:

As a general proposition, there are two components
to a claim by an appellant that his counsel's assista-
-nce was so defective as to require a reversal
of conviction. (In re Fields, (1990), 51 Cal.3d 1063,
1069). The first component is that the appellant
must show that counsel's performance was
deficient. (In re Marquez, (1992), 1 Cal. 4th

—2—

584, 602; citing to Strickland v. Washington, (1984), 466 U.S. 668, 687.) This requires a show-ing that counsel's representation fell below an objective level of reasonableness." (Strickland, ibid., at p. 688.)

The second component of an appellant's proof of incompetence is a showing of prejudice resulting from counsel's alleged deficiencies. Appellant must show more than defects and imperfections in the representation. He must be able to show that, "...[T]here is a reasonable pro-bability, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a proba-bility sufficient to undermine the confidence in the outcome." (In re Marquez, supra, 1 Cal. 4th at 603; citing to In re Fields, supra, 51 Cal. 3d at 1070.) Regarding this second component the basic procedure is for the reviewing court to compare the actual trial with a hypo-thetical trial that would have taken place had counsel done his/or her job in a professio-nal manner. (Marquez, id., at 604.) In evalua-ting an appellant's showing of incompetence, the reviewing court must afford great def-erence to the tactical decisions of trial counsel. "A fair assessment of an attorney performance requires that every effort be

—3—

1  made to eliminate the distorting effect of
2  hindsight, to reconstruct the circumstan-
3  -ces of counsel's challenged behavior, and
4  to evaluate the conduct from counsel's pers-
5  -pective at the time." (In re Marquez, supra,
6  1 Cal.4th 603.) In People v. Cox, (1991), 53 Cal.3d
7  618, 656, citing to People v. Fausto, (1982)
8  135 Cal.App.3d 129, 139, the Court stated;
9  "... merely tactical errors by counsel are
10 not deemed reversible, for the decision in
11 the midst of trial cannot be second guessed
12 by the hindsight of an appellate court." The
13 court also made it clear that the review-
14 -ing court must judge the reasonableness of
15 counsel's challenged conduct on the facts
16 of the particular case, "viewed at the time
17 of counsel's conduct, not at the time of
18 the review." (Cox., ibid.) There are any number of
19 cases that stand for the above general proposition
20 that the tactical decisions of trial counsel, as long
21 as they are based upon some true tactical conside-
22 -ration, as opposed to ignorance / or neglect, will not
23 be subject to reversal by the reviewing court.
24 These tactical considerations may include failure
25 to object to the admission of inculpatory matters,
26 and failure to call certain witnesses, as long as
27 there was a true tactical reason to do so.
28 (People v. Kelley, (1992), 1 Cal.4th 495.) However,

—4—

the deference to trial counsel stated above is not with-
out limits. The California Supreme Court in In re
Jones, (1996), 13 Cal. 4th 552, 561-62, clearly set forth
those limitations; "deference is not abdication. The presu-
mption should never be used to insulate counsel's
performance from meaningful scrutiny, and
thereby automatically validate challenged acts
or omissions." It is the position of the petitioner
that the acts, and omissions of trial, and of
appellate counsels in this matter were not
simply tactics that did not work. They were
not creations of appellate hindsight, or revisio-
nism. The actions of counsel in this case
cannot be explained in terms of tactics.
They were the result of ineffective assistance of
counsel, which deprived petitioner of a fair trial
by failing to properly investigate witnesses, by
failing to present defense, failing to obtain its
own expert witnesses, failing to object to a
multitute of violations, and investigate other
matters pertinent to the trial, and sentence.
Petitioner's Claim for relief lies directly in the
center of the Sixth Amendment to the United
States Constitution, and its guarantees that,
"...in all criminal proceedings, the accused shall
enjoy the right to have assistance of counsel
for his defense." This right is absolutely essenti-
al to, "...assuring fairness in the adversary

criminal process" (Wheat v. United States, (1987)
487 U.S. 153, 158, 108 S.Ct. 1692, 1690.) The law is
abundantly clear that this counsel must be comp-
etent, must be working effectively for the
defendant, or the adversarial process itself is
at risk, and a fair trial is not possible. (See:
Strickland v. Washington, (1984), 466 U.S. 668, 689,
104 S.Ct. 2052, 2054.)

The court in In re Robbins, (1998) 18 Cal. 4th 770,
810-11, held that, "[o]ne who asserts ineffective
representation by counsel must establish both
the objectively inadequate performance of
that counsel, and prejudice, (Strickland v.
Washington, (1984) 466 U.S. 668, 687-696) [trial
counsel]; In re Harris, (1993), 5 Cal. 4th 813, 833,
"Similar concepts have been used to measure the
performance of appellate counsel."].)... As the
high court has observed, appellate counsel, (and,
by analogy, habeas corpus counsel as well), performs
properly and competently when he/or she
exercises discretion, and presents only the strong-
est claims instead of every conceivable claim. (See:
Jones v. Barnes, (1983) 463 U.S. 745, 752; Smith
v. Murray, (1986) 477 U.S. 527, 536.)

Petitioner alleges ineffective assistance of
trial counsel, and ineffective assistance of
appellate counsel, in violation of petitioner's
rights guaranteed and secured under both the

— 6 —

1   5th, 6th, and 14th Amendments to the United States
2   Constitution, and parallel, California Constitution,
3   in that such counsel's ineffective performa-
4   nces, as discussed above, is what occurred
5   in this case, that counsels' performances
6   were such that the adversarial process was
7   disruptive and petitioner being deprived of a
8   valid defense to the charges, did not get a
9   fair trial, and/or was not represented properly
10  vis-a-vis, the sentencing, and in the first
11  appeal as of right, in violation of the 5th,
12  6th, and 14th Amendments to the Constitution
13  of the United States. The obligation of trial
14  counsel does not begin at the court house door.
15  Counsel has an affirmative obligation to
16  investigate potential defenses, locate witnesses,
17  to properly employ an investigator, and to make
18  proper use of this investigation in trial. (In re
19  Jones, (1996), 13 Cal.4th 552, 565.)
20      Petitioner alleges he received ineffective
21  assistance of trial counsel, in violation of
22  the Sixth Amendment to the United States
23  Constitution, in that trial counsel, Mr. J.J.
24  Kapp, failed to call an independent expert
25  witness on 'DNA', instead he took it upon
26  himself to act as an expert in cross-exami-
27  -ning, Ms. Denise Wong, Cynthia Hall, and nurse
28  Patricia Crane, and Dr. Richard Goode, M.D.,

-7-

1  Trial counsel was ineffective in not retaining
2  the services of his own independent expert,
3  to cross examined the above mentioned
4  prosecutor's expert witnesses, but
5  rather counsel chose to call as his
6  expert witness "for effects on drugs,"
7  Mercy Carde ma, CRT p. 766, ln. 22-28), of
8  the Santa Clara County Crime Laboratory,
9  and this ineffectiveness was prejudicial to
10  petitioner, in that trial counsel failed to
11  rebut forentic evidence of the alleged
12  rapes. (Thompson v. Calderon, 120 F.3d
13  1045.), (Evidence Code sec. §730 & 952).
14  Trial counsel was ineffective in failure to
15  not file a "Motion For New Trial," pursuant
16  to Penal Code section §1181, subdivision (6),
17  due to the fact that no credible evidence
18  within Jackson vs. Virginia, and the
19  Corpus Delicti existed as to counts
20  #7, #8, involving an alleged Jane Doe;
21  #9, #10, involving Azaila, M., whom
22  did not testify at trial; and counts #
23  13, #14, #15, involving Naylee, G., as
24  well. (People v. Robarge, (1953), 41 Cal.
25  2d 628, 634.), and the attempted murder
26  allegations on the other alleged victims
27  since no intent to Kill was proven which
28  is an essential element. (People v. Bland,

— 8 —

(2002), 28 Cal. 4th 313; People v. Dickens, D.A.R., Wednesday, July 6th 2005, at p. 8113.)

Trial counsel was ineffective in failure to allege a "Thrid Party Culpability-defense," and failed to conduct an investigation of one Luis Ochoa, whom had been identified by one of the victims as her assailant, and rapist, (RT p. 123, ln. 2-6, p. 144-45, p. 123, ln. 12-23), of the March 1997-incident. (RT p. 125, ln. 22-27.)

Trial counsel was ineffective in agreeing with the prosecutor not to ask the alleged-victims about their sexual conducts, in violation of the Confrontation Clause under the Sixth Amendment to the United States Constitution. (RT p. 127, ln. 3-8), (La Joie v. Thompson, D.A.R., Feb. 1st, 2000, p. 1170, (98-35919))

Trial counsel was ineffective in entering a waiver of a hearing without petitioner's personal consent, in violation of petitioner's Due Process Clause under the 5th and 14th Amendments to the United States Constitution, "right to be present at all critical stages of the Court proceedings." (RT p. 163, ln. 4-10.)

Trial counsel was ineffective in failure to argue that the alleged-victim, Naylee, G.; was a 17-year old at the time of the alleged offense of November 13th, 1999; and the charge was not properly alleged

1. alleged in the information by the prosecutor,
2. in that the Ex Post Facto Clause forbids
3. revival of a previously time-barred charge
4. against a minor. (Penal Code § 803 (g)(West
5. Supp. 2003; Stogner v. California, No.:01-
6. -1757.)
7. Trial counsel was ineffective for failure to
8. file a Motion For Mistrial on the basis
9. that it became clear that the jury was
10. going to be asked to convict on the
11. basis of either an incident shown by
12. the preliminary hearing/or another not
13. addressed at preliminary hearing. (People
14. v. Burnett, 83 Cal.Rptr.2d 629.)(RT p.661,
15. ln. 1-6; p. 680-81, ln.1-13; p. 682, ln. 20-24; p.
16. 683, ln. 1-17.)
17. Trial counsel was ineffective for failure to
18. investigate drug-use, mental deficiency,
19. fatigue; and the contents of the 'coca
20. cola', given by investigators to petitio-
21. -ner during investigation, to determine
22. waiver of Miranda rights, (RT p. 681, ln.18-
23. -24)(Shackleford v. Hubbard, 234 F.3d
24. 1072.), and was ineffective in failure to
25. call the psychiatric whom examined the
26. petitioner.

II

27.
28. Petitioner alleges Prosecutorial Misconduct,

-10-

and violation of his Confrontation Rights, as
found and guaranteed and secured under
the 5th, 6th, and 14th Amendments to
the United States Constitution, in
that the prosecution failed to meet
its "good-faith-effort" to obtain the
eyewitness's presence, and in violati-
-on of West's Ann. Cal. Evid. Code §
§1291, in that the prosecutor did not
attempted to locate the alleged victim
Azalea M., whom apparently went to
Mexico, instead prosecutor used the
hearsay testimony of one Juana C.,
her sister-in-law, as well as the hear-
-say testimonies of Officers Ruben
Gonzales, and Dorene Hansen, (RT p. 812-
829, RT p. 905-16, RT p. 917-19.), (People v.
Sandoval, 105 Cal. Rptr. 2d 504, (Cal. App.
3 Dist. 2001). The prosecutor had other
options available such as the "Treaty
on Cooperation Between the United
States of America, and the United
Mexican States for Mutual Legal
Assistance," effective May 3rd, 1991,
to compel her attendance; but the prose-
-cutor failed to do so.
    Petitioner alleges Prosecutorial Misconduct,
and violation of his Confrontation Clause,

— 11 —

when the prosecutor failed to subpeona via
duces tecum the presence of alleged
victim of the court #7 and #8, also
known as "Jane Doe", and Naylee G.,
counts #13, #14, and #15. The prosecu-
tor used Nayelee G's testimony given
at Preliminary Hearing, (RT p. 975, ln. 1
-28, of the alleged 11-13-99-incident),
but did not made a 'good-faith-effort'
to locate them. (Evidence code sections
240 (a) (4) (5)) The court's "process" to
procure these alleged victims' presence
was not utilized, in violation of
petitioner's Confrontation Clause of
the 6th Amendment to the United
States Constitution. (Ohio v. Roberts,
(1980), 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.
.2d 597.), and the use of a witness,
Martin Gatica, for the 3-15-99-incident,
CRT p. 801-16), was insufficient, in a
clear violation of the 6th Amendment
to the United States Constitution.

## III.

Petitioner alleges he was denied his Due
Process of Law, guaranteed and secured
under the 5th, 6th, and 14th Amendments

-12-

to the United States Constitution, in that
petitioner was in "Jail Garbs," and in
"restraints" on 7-6-00, and on 3-2-01.
(RT p. 2, ln. 1-25, RT p. 3-4.) (Rhoden v.
Rowland, (9th Cir. 1998), 154 F.3d 1034.)
(Parrish v. Small, 315 F.3d 1131, (9th Cir. 2003))

## IV.

Petitioner alleges he was denied his 5th,
6th, and 14th Amendments to the United
States Constitution, when the prosecu-
tion amended the information on April
25th, 2001, "after petitioner took the
Stand," and after the court had agreed
not to let certain alleged statements
into evidence. (People v. Chapman, 47
Cal. App. 3d 597, (1975).)

## V.

Petitioner alleges he was denied his 5th,
6th, and 14th Amendments to the
United States Constitution, when the
court erred in not granting defense
counsels "995-motion." (People v. Lujan,
87 Cal. Rptr. 2d 320, (1999).)
////
////

-13-

## VI.

Petitioner alleges that his Due Process Clause under the 14th Amendment to the United States Constitution was violated in that the Abstract of Judgment indicates incorrectly that petitioner was sentenced to life without the possibility of parole. (Clerk's Transcript, p. 686) and although the California Court of Appeal in its unpublished opinion ordered the Superior Court to correct its Abstract of Judgment to include that the petitioner is eligible for parole, it has not done so, and petitioner has been considered a lifer without the possibility of parole by the California Department of Corrections. (See, Exhibit-C, attached.)

## VII.

Petitioner alleges that his Due Process Clause under the 14th Amendment to the United States Constitution was violated in that the findings of Knife use as to counts 1 through 4 was insufficient in violation of Jackson v. Virginia, (1979) 443 US 307, 61 L.Ed. 2d 560, 99 S.Ct. 2781; and the findings of Knife use as to the counts 12 and 20 must be reversed, due to that the petitioner was charged with attempted murder, including as to each of these counts an allegation of personal use of

1. a deadly weapon under Penal Code §12022(b)
2. (1). (CCT 494, 498-499.) Petitioner was acquitted of
3. each count of attempted murder, but convicted of the
4. lesser offense of assault in violation of Penal Code §
5. 245 (a) (1); assault with a deadly weapon/or with
6. force likely to produce great bodyly injury. Each
7. of these verdicts carried a true finding as to
8. the allegation of personal use of a deadly weapon.
9. (CCT 612-613, 627-628.) However, no judgment seems
10. to have been rendered as to either of these find-
11. -ings by the trial court. These findings are thus
12. precloded by statute. Under Penal Code §12022(b)
13. (1). The enhancement is not authorized to a
14. charged violation of section 245 (a) (1). (See:
15. People v. McGee, (1993), 15 Cal. App. 4th 107,
16. 116). (See: Exhibit-C, for latest Denial by the
17. California Court of Appeals-Sixth District.)

<u>CONCLUSION:</u>

19. THERETOFORE,
20.         Petitioner prays this Court to grant
21. relief in the interest of justice.

23. Dated: <u>10-28-05</u>.

25.         Respectfully submitted,
26. /s/ _Samuel Ortega_____)
27.         SAMUEL ORTEGA.
28.         Petitioner.

—15—

# EXHIBIT "A"

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

(ENDORSED)
**F I L E D**

SEP 0 8 2005

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
By C. Guerra ————— DEPUTY

|  |  |  |
|---|---|---|
| In re | ) | No. BB152071 |
|  | ) |  |
| SAMUEL ORTEGA | ) | O R D E R |
|  | ) |  |
| On Habeas Corpus | ) |  |
|  | ) |  |

SAMUEL ORTEGA ("Petitioner") petitions for a writ of habeas corpus. Petitioner contends his trial counsel was ineffective.

In order to demonstrate ineffective assistance of counsel, a defendant must show (1) that his or her counsel's performance was deficient because the lawyer's representation fell below an objective standard of reasonableness under prevailing professional norms and (2) counsel's deficient performance subjected the defendant to prejudice, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant. (Strickland v. Washington (1984) 466 U.S. 668, 687-688, cited in In Re Harris (1993) 5 Cal.4th at 832-833; In Re Alvernas (1992) 2 Cal.4th 924, 936-937 and People v. Haskett (1990) 52 Cal.3d 210, 248.)

Our high court has stated "a defendant's self-serving statement after [] conviction, and sentence [], is insufficient in and of itself to sustain the defendant's burden of proof as to prejudice, and must be corroborated independently by objective evidence. A contrary

1

holding would lead to an unchecked flow of easily fabricated claims." (In re Alvernaz (1992) 2 Cal.4th 924, 938.)

Petitioner herein has failed to show ineffective assistance and prejudice. Petitioner contends his attorney failed to present experts at trial. Petitioner however does not give any evidence as to what these alleged experts would have testified to. Additionally, merely because his attorney did not pursue the defense strategy petitioner may have wanted does not constitute ineffective assistance of counsel. "A defendant does not have the right to present a defense of his own choosing, but merely the right to an adequate and competent defense. (See People v. Hamilton (1989) 48 Cal. 3d 1142, 1162.) …"When a defendant chooses to be represented by professional counsel, that counsel is 'captain of the ship' and can make all but a few fundamental decisions for the defendant." (People v. Carpenter (1997) 15 Cal. 4th 312, 376.)" (People v. Welch (1999) 20 Cal. 4th 701, 728-729.)

Accordingly, the petition for a writ of habeas corpus is DENIED.

DATED: _____9/1_____ , 2005

PAUL BERNAL
JUDGE OF THE SUPERIOR COURT

cc:  Petitioner
     District Attorney
     Research
     CJIC

2

| IN THE SUPERIOR COURT OF ( FORNIA IN AND FOR THE COUNTY OF S. A CLARA | | (ENDORSED) F I L E D SEP 0 2 2005 KIRI TORRE Chief Executive Officer/Clerk Superior Court of CA, County of Santa Clara BY Guerra DEPUTY |
|---|---|---|
| Plaintiff/Petitioner Samuel Ortega | | |
| In re: People vs. Ortega | | |
| PROOF OF SERVICE OF: Order re: as corpus | | Case Number: BB152071 |

CLERK'S CERTIFICATE OF MAILIN' certify that I am not a party to this cause and that a true copy of this document was mailed f lass postage fully prepaid in a sealed envelope addressed as shown below and the docu was mailed at SAN JOSE, CALIFORNIA on 09-02-05. I declare under penalty of per hat the foregoing is true and correct.

DATED:  09-02-05

Kiri Torre, Chief Executive Officer

*CGuerra*

BY:  Catherine Guerra, Deputy Clerk

| Samuel Ortega Mule Creek State Prison CDC #T2-1740 P.O. Box 409020 Ione, CA 95640 | Research Attorney Criminal Division 190 W. Hedding Street San Jose, CA 95110 *Placed in Research Attorney pick up box at HOJ |
|---|---|
| | Office of the District Attorney 70 West Hedding Street San Jose, CA 95110 *Placed in District Attorney pick up box at HOJ |
| | CJIC |
| | |
| | |

oof of service

# EXHIBIT "B"

Direct Query - Intranet - "Quick" Search



Track/Confirm - Intranet Item Inquiry - Domestic

Item: 0304 0370 0001 3071 2827

| | | Date/Time Mailed: 06/22/2004 10:53 |
|---|---|---|
| Destination | ZIP Code: 95640 | City: IONE | State: CA |
| Origin | ZIP Code: 94085 | City: SUNNYVALE | State: CA |

Class: Priority Mail
Anticipated Delivery Date: 06/24/2004
Postage: $6.75
Record Restored on 12/17/2004

| Special Services | | Associated Labels | Amount |
|---|---|---|---|
| DELIVERY CONFIRMATION (Retail) | | 0304 0370 0001 3071 2827 | $0.45 |

| Event | Date | Time | Location | Scanner ID |
|---|---|---|---|---|
| DELIVERED | 06/23/2004 | 08:05 | IONE CA 95640 | L937046 |
| ACCEPT OR PICKUP | 06/22/2004 | 10:53 | SUNNYVALE CA 94085 | |

Enter Request Type and Item Number:

Quick Search ⊙      Extensive Search ◯

Explanation of Quick and Extensive Searches

Item Number: [          ]   [Submit]

Inquire on multiple items.

Go to the Product Tracking System Home Page.



**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

| | Location: | Institution/Parole Region | Log No. | | Category |
|---|---|---|---|---|---|
| | | 1. _____ | 1. _____ | | |
| | | 2. _____ | 2. _____ | | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| ORTEGA, Samuel | T-24740 | School | A-1-245-U |

A. Describe Problem: My family mailed my trial trascripts to me on three occsions. They were returned on one occasion because they did not comply with legal mail protocols. They were mailed again and this time they became lost or misplaced. My family has contacted the Post Office and were told that the materials mailde were not returned. I filed a CDC-602 directed at R&R. R&R, in return has directed me to file the CDC-602 against the mailroom. I simply ask that my trial transcripts given to me or returned to my family. They were mailed to MCSP, either through R&R or the mailroom. MCSP should have some type of record when they were received and when they were rejected and returned.

If you need more space, attach one additional sheet.

B. Action Requested: I respectfully request that my trial transcripts be given to me or they should be returned to my family. MCSP must have a record. The U.S. Postal Service has no record of the package being returned.

(Please note that Exhibit is attached.)

Inmate/Parolee Signature: _Samuel Ortega_       Date Submitted: 12/16/04

C. INFORMAL LEVEL (Date Received: _12-20-04_ )

Staff Response: _Your transcripts were returned to your family by the package officer (Sanders) to the mailroom. The package did not meet legal criteria and has been returned to your family in May. There is not a log number therefore impossible for you to prove you did not receive this package_

Staff Signature: _A. Colon_       Date Returned to Inmate: _12-20-04_

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____       Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

State of California                                                    Department of Corrections

# Memorandum

Date  :   *12-9-04*

To   :   Unit Managers

*Correctional Captain*

Subject:   APPEALS NEEDING INFORMAL RESPONSES

The Inmate Appeals Office has received the attached CDC Form 602s. During the appeals screening process, it has been determined that these appeals require an informal response from staff assigned to your area before the Appeals Office can process them any further. Please instruct your staff to prepare the informal responses and return them to the inmate.

If you believe that a different unit may best answer an appeal, or it has been incorrectly sent to your unit, please inform your staff to forward it to the appropriate unit.  The Appeals Office does not track informal level appeals.  If you have determined that an appeal should be elevated to a formal level, please return it to the appeals office, with an explanation, as soon as possible.

Thank you for your assistance regarding this matter.  And remember it is all of our responsibility to resolve issues at the lowest possible level.  If you have any questions, please call me at extension 5514.

E.A. REYES
Appeals Coordinator
Mule Creek State Prison

CDC 1617 (3/89)

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

MCSP IN Location: Institution/Parole Region
APPEALS OFFICE

04 DEC -6 AM 10:56

| Log No. | Category |
|---|---|
| 1. | |
| 2. | *Infor. R&R* |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| ORTEGA, Samuel | T-24740 | School | A-1-245-U |

A. Describe Problem: On three occasions my mother attempted to send me my trial transcripts. They were sent by U.S. Mail, and clearly identified as "Legal Papers." The first two times that my transcripts were returned to my family they attempted to comply with all orders issued by MCSP. On the third occasion when they were mailed and sent to me, I never received them or notice that they had been rejected anew. I believe that the R&R Officer was Sanders, as he was the Officer who rejected them in the past.

If you need more space, attach one additional sheet.

B. Action Requested: I respectfully request that my trial transcripts "Legal Papers" be turned over to me as they sit somewhere at R&R. If in the event they've been lost or misplaced, then I request that MCSP and or CDC purchase a new set at their expense. The box which contained the transcripts was clearly marked and identified the contents.

Inmate/Parolee Signature: *Samuel Ortega*     Date Submitted: 12/1/04

C. INFORMAL LEVEL (Date Received: 12-9-04 )

Staff Response: DENIED: Only Special Purchases from approved vendors can come in thru packages. No packages from friends or family. Your package was returned by mail. You have provided a copy of a item that apparently is a mail rejection stamp. You need to contact the mail Room.

Staff Signature: c/o Sanders     Date Returned to Inmate: 12-9-04

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____     Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

Sunnyvale CA - 94086

DOES [NOT MEET TITLE 15]
LE[GAL] [CRI]TERIA
PER SECTION 3141

**TO:**
DOES NOT MEET TITLE 15
LEGAL CRITERIA
PER SECTION 3141

Samuel Ortega

M.C.S.P.- #001 highway

104 - Ione CA. 95640

1247740

PJH

DES[...] JH

Legal papers

# MULE CREEK STATE PRISON

**RECEIVING AND RELEASE**
Package Room



## PACKAGE REJECTION/RETURN NOTICE

_NONE_
Pkg. #

ORTEGA    T24740    1-2454    5-5-04
Inmate       CDC #      Housing      Date

Your package, received via ☒ U.S. Mail    ☐ U.P.S.    and sent by the following:

Natividad Duran       475 N. Fair Oaks Ave
Name                          Address

Sunnyvale              CA           94086
City                          State              Zip

The package has been    ☐ returned to the sender or    ☐ rejected
**for the following reason(s):**

☐ No package slip attached        ☐ Package exceeds 30 lbs.
   on outside of box

                                  ☐ Oversize; exceeds 12"x14"x24"
☐ No return address

                                  ☐ Only **one** special purchase
☒ Special purchase must come         allowed per month
   from an approved vendor
                                  ☒ Book not from bookstore/publisher
☒ Other _NO PKG FROM HOME/_
_CHECK MUST COME IN MAIL/ CHECK MAIL REQ_

This rejection notice is required for all inquiries regarding the returned/rejected

package.

_____
Package Room Officer Signature

C. Sanders
_____                    **No.**
Package Room Officer Print Name

# EXHIBIT "C"

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

COPY

**FILED**

OCT 2 4 2005

Court of Appeal - Sixth App. Dist.

By _____
        DEPUTY

In re SAMUEL ORTEGA,

on Habeas Corpus.

H029326
(Santa Clara County
Super. Ct. Nos. B9947307,
BB152071)

BY THE COURT:

The petition for writ of habeas corpus is denied.

(Premo, Acting P.J., Elia, J., and Mihara, J., participated in this decision.)

Dated ___OCT 2 4 2005___          ___PREMO, J._____ Acting P.J.

## DECLARATION OF SERVICE BY MAIL

CASE NAME: In Re: Ortega      CASE NO: B9947309/88152091.

I, Samuel Ortega _____ am a resident of the state of California Mule Creek State Prison ( M. C. S. P) at Ione, County of Amador, California, and am at least 18 years of age, and am party to the within action. My mailing address is P.O. Box 409000, Ione, California 95640-9000.

On 10-28-05 _____ I served a true and correct copy of the following document(s):

Petition For Writ of Habear Corpus, and Exhibits therein in support thereof.

On each party listed below by placing it in a sealed envelope, with adequate postage or provided, and depositing said envelope in the institutional mail box or turned said envelope to custodial personnel for the United States Mail at Mule Creek State Prison, P.O. Box 409000, Ione, California 956490900. Each party to the action has been duly served.

This copy is being mailed to: California Supreme Court
#350 McAllister Street
San Francisco, CA. 94102.

I have mailed additional copies to:

There is regular service by the United States Mail between the above place of mailing and the parties listed.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed this date: 10/28/ , 20 05, at Ione, California.

Signed: Samuel Ortega _____ , CDC No: T-24740

## M. C. S. P MAILROOM ACKNOWLEDGEMENT OF MAILING

DATE: _____ SIGNED: _____

# EXHIBIT 11

# CALIFORNIA APPELLATE COURTS

## Case Information

| Supreme Court | **Supreme Court** | Change court |
|---|---|---|

Court data last updated: 10/16/2007 12:53 PM

Welcome

Search

E-mail

Calendar

Help

Opinions

**Case Summary  Docket  Briefs
Disposition  Parties and Attorneys  Lower Court**

C|C
home

## Case Summary

| **Supreme Court Case:** | S138528 |
|---|---|
| **Court of Appeal Case(s):** | no data found |
| **Case Caption:** | ORTEGA (SAMUEL) ON H.C. |
| **Case Category:** | Original Proceeding - Habeas |
| **Start Date:** | 11/02/2005 |
| **Case Status:** | closed |
| **Issues:** | none |
| **Disposition Date:** | 08/02/2006 |
| **Case Citation:** | none |

### Cross Referenced Cases
No Cross Referenced Cases Found

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California

# CALIFORNIA APPELLATE COURTS

### Case Information



| | |
|---|---|
| Supreme Court | **Supreme Court**                   [Change court 🔽] |
| Welcome | Court data last updated: 10/16/2007 12:53 PM |
| Search | **Case Summary**  **Docket**  **Briefs** |
| E-mail | **Disposition**  **Parties and Attorneys**  **Lower Court** |
| Calendar | **Docket (Register of Actions)** |
| Help | **ORTEGA (SAMUEL) ON H.C.** |
| Opinions | **Case Number** S138528 |

| Date | Description | Notes |
|---|---|---|
| 11/02/2005 | Petition for writ of habeas corpus filed | By petitioner in pro per |
| 08/02/2006 | Petition for writ of habeas corpus denied | George, C.J., was absent and did not participate. |

**Click here** to request automatic e-mail notifications about this case.

©2007 Judicial Council of California