UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAMUEL ORTEGA,

    Petitioner,

vs.

R. J. SUBIA, Warden; JERRY BROWN, Attorney General; and JAMES TILTON, Secretary, California Department of Corrections and Rehabilitation,

    Respondents.

No. C 07-4541 PJH (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Respondents have moved to dismiss the petition as untimely and petitioner has opposed the motion. For the reasons set out below, the motion will be granted.

**DISCUSSION**

Respondent contends that this petition is barred by the statute of limitations. The statute of limitations is codified at 28 U.S.C. § 2244(d). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is

pending is excluded from the one-year time limit. *Id.* § 2244(d)(2).

"A jury convicted [petitioner] of multiple sexual offenses, assault with a deadly weapon, attempted kidnaping for rape, and possession of a controlled substance. The convictions involved 20 counts relating to nine different female victims. The trial court sentenced defendant to two consecutive life terms, consecutive to a term of 25 years to life, consecutive to a determinate term of 55 years in state prison." *People v. Ortega*, 2002 WL 31631033, *1 (Cal. App. 2002). The conviction and sentencing were in 2001. On November 22, 2002, the conviction was affirmed and the sentence was affirmed with a minor modification. On January 23, 2002, the California Supreme Court denied his petition for review. The completion of direct review, the most common starting date for the limitations period, thus was ninety days later, on April 23, 2003. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after the California Supreme Court denied review). If the starting date was completion of direct review and tolling does not apply, the federal petition was due by April 23, 2004. Because it was not filed until August 31, 2007, it thus was untimely in the absence of tolling or a different starting date.

In his opposition to the motion to dismiss petitioner does not argue for a different starting date for the limitations period, but he does contend that he is entitled to equitable tolling. He describes a harrowing series of events. His appellate counsel wrote to his mother saying that his petition for review had been denied but his mother did not realize the import of the letter for a year. His counsel mailed the appellate record to his mother's house, where it was lost; a second transcript purchased by his mother after scrimping to save up for it was rejected by the prison as being unauthorized; the remailed transcript then was lost by the prison; and finally a third transcript was purchased and successfully delivered to him in June of 2005. He also presents various other arguments in favor of equitable tolling, but they all fail on one striking point: Even accepting all of the above contentions, there was a time from November 2, 2005, to March 28, 2007, a period of nearly seventeen months, when petitioner and his jailhouse lawyer were working on his

federal petition. This is substantially longer than the limitations period all by itself. Given this, it cannot be said that extraordinary circumstances prevented petitioner from filing a timely petition. The motion to dismiss will be granted.

## CONCLUSION

Respondent's motion to dismiss (document number 4 on the docket) is **GRANTED**. The petition is **DISMISSED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 15, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.07\ORTEGA541.DSM.wpd